34  559
104  349

GETCHELL & TICHENOR v. ALLEN *et al.*

Mechanics' lien : PRIORITY : MORTGAGE. A mechanic's lien for work or material furnished in making addition or repairs to a building, is not entitled to preference as against the building, over a prior mortgage on the premises. Section 1855 of the Revision does not apply to a case of this character. The word "improvement" as therein used is not applied to an addition or betterment of a building, but to some independent structure on the land.

*Appeal from Polk District Court.*

THURSDAY, JULY 25.

ACTION to enforce a mechanic's lien. Judgment for plaintiffs. Defendant appeals. The facts of the case are fully stated in the opinion.

*Withrow & Gatch* and *Wright* for the appellants.

*Barcroft & Hammond* for the appellee.

BECK, Ch. J. — The case was submitted to the court with an agreed statement of facts, the substance of which is as follows: Allen holds a mortgage upon a certain lot in Des Moines, and the building thereon. Subsequently to its execution, plaintiffs furnished lumber under a contract with the owner of the property, Mrs. Shankland, which was used partly in the erection of a third story to the house standing on the lot at the time of the execution of Allen's mortgage, and partly in the erection of a frame stable upon the same lot. Plaintiffs complied with the requirements of the statute, prescribing that the account of the lumber furnished be filed with the clerk of the district court, etc., in order to create a lien. Allen's mortgage is regular in form, and was duly filed for record before the lumber was contracted for or furnished by plaintiffs. By proper pleading Allen demanded that his mortgage be foreclosed.

Upon the final hearing, plaintiffs' claim for lumber was declared to be a lien, which was enforced as follows: So much of his claim as was for lumber furnished for erecting the third story to the house was declared to be a lien paramount to Allen's mortgage upon the building, and execution is directed to issue for the sale thereof to satisfy the judgment. The amount of the claim for lumber used in erecting the stable was declared to be a lien thereon, and is ordered to be sold on execution to satisfy the same. The judgment of the court stated in other words is this: The claim for lumber used in building the third story is made a lien as against the mortgage upon the house, which is directed to be sold upon the judgment. The claim for lumber used in building the stable is declared to be a lien thereon, to be enforced in the same manner by sale thereof. The only question presented by the case involves the correctness of this judgment, which we will now proceed to consider.

Under chapter 79 of the Revision, every mechanic or

other person who shall perform any work or furnish materials " for any building, erection or other improvement upon land * * * or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, * * * shall have for his work or labor done, or materials furnished * * * a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done or materials * * * furnished." § 1846. It is provided that " the liens for work or labor done or things furnished, as specified in this act, shall have priority in the order of filing of the accounts thereof as aforesaid, and shall be preferred to all other liens and incumbrances which may be attached to or upon such building, erection or other improvement, and to the land on which the same is situated, or either of them, made subsequent to the commencement of said building, erection or other improvement." § 1853. The statute also prescribes that " the lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or the work was done, in preference to any prior lien, or incumbrance, or mortgage upon the land, upon which said building, erections or improvements have been erected or put, and any person enforcing such lien, may have such building, erection or improvement sold on execution, and the purchaser may remove the same within a reasonable time thereafter." § 1855.

It becomes important to notice the language of the foregoing provisions and determine the meaning of certain terms used. In the first place we will consider the word " improvement," so often used and applied to things erected upon the land of the lien debtor. The term may mean repairs or additions to buildings. I may make improvements to my house by painting it or by adding another story to it. The term also implies erections, as

fences, houses, barns, etc. It is a very common expression to say of one who is building upon his land, that he is making improvements thereon. The word is often used in the Revision in this sense. See §§ 1538, 1539, 2264, 2265, 3596. In our opinion it is used in both senses in the statute quoted. But to determine its particular meaning in each instance when used, regard must be had to other words and expressions in the context, and to legal principles involved, that all may be made to harmonize.

Section 1853 prescribes that the lien provided for shall be preferred to other liens and mortgages upon the " buildings, erections and improvements," and upon the land, made subsequent thereto. This is an implied declaration that mortgages upon the " buildings, erections and improvements," executed prior to the doing of the work or furnishing of the material, shall be paramount to the mechanic's lien. It, also, clearly shows that the word " improvement" as here used does not mean an addition to or betterment of a building, but is applied to some independent erection on the land.

In the case of a mortgage upon land, and the buildings thereon, made before the mechanic's lien attaches, the mortgagee will hold the property as against the mechanic. How is it when improvements in the nature of additions or repairs to the building are made after such 'mortgage? The mortgage binds the house; the improvements of the character indicated become a part of the house, and are, as it were, incorporated with it. After the improvements are made, they do not remain separate and distinct from the building. They have lost their distinctive character; the house includes them, they are a part of the house, and as such are covered by the mortgage. For the reason that the mortgage binds the improvements as a part of the house, the mechanic's lien cannot defeat the mortgagee's right. And for the same reason section 1855 does not apply to such a case. That section simply provides that a mechanic's

lien for work or materials furnished to erect buildings, after the execution of a mortgage on the land, is a paramount lien against the buildings, but is not a lien on the land. But if the mortgage covers the building, the mechanic cannot enforce his lien against it, and cause it to be sold and separated from the land.

These views, we think, are based upon sound principles, and lead to equitable results. Should a contrary doctrine prevail, it would be within the power of a mortgagor to ruin the security of his creditor, by making improvements upon the building covered by the mortgage, which, in fact and in law, would be but a part of the building itself. The case before us serves to illustrate the injustice of such a rule. Another story is added to a house, already bound by the mortgage. The story cannot be separated from the house; it is a part of it. It would be a great hardship to the mortgagee to permit his security to be defeated or impaired by the act of the mortgagor, in thus adding to his building. The mechanic or material man cannot complain. He had notice of the mortgage and knew or was bound to know the purposes for which the materials were furnished, or work was done by him.

The foregoing views are applicable alone to the claim of plaintiffs for the lumber which was used in adding the story to the house, upon the land covered by Allen's mortgage; that part of his claim for materials used in erecting the stable may be enforced as a prior lien against that building. The judgment of the district court is modified accordingly. A decree will be entered in this court, establishing plaintiff's lien upon their claim for materials used for the stable, and directing the sale thereof, but such claim or lien is not to bind the land. They may take judgment against defendant, Shanklin, for the balance of their claim, but it shall not operate as a lien, either upon the house or land, paramount to the mortgage. Defendant Allen's mortgage will be foreclosed, and as to the land and

all the buildings thereon, except the stable, will be declared
the prior and paramount lien.    The appellees will be
charged with the costs of this appeal.

Reversed.

MILLER, J., took no part in the decision of this case.