WILLIAM MAY, Respondent, v. KATE MODE et al., Appellants.

St. Louis Court of Appeals. Argued and Submitted October 5, 1909; Opinion Filed October 19, 1909; Modified Opinion Filed November 30, 1909.

1. MECHANICS' LIENS: Mortgages: Priority: Lien Cannot be Extended Back of Date Stated in Notice. Where, after a building was partly erected, construction work was stopped, and a deed of trust was then placed on the property, and, subsequently, a contract was made for the completion of the building, a notice of mechanic's lien filed by the last contractor, which did not mention the date work was commenced on the building, did not

state any fact carrying the lien back of the date given in the notice as to the date on which the first material was furnished for completing the building, and as that date was subsequent to the date of the deed of trust, the lien of the latter is superior.

2. ———: ———: ———: **Building Completed After Mortgage Lien Placed on Property.** Where, after a building was partly erected under a contract providing for its completion, work was stopped and the contract abandoned, and a deed of trust was then placed on the property, and, subsequently, a new contract was made providing for the completion of the building, the latter contract does not relate back to the first contract and work, so as to give a mechanic's lien for the work done under it priority over the lien of said deed of trust.

3. ———: ———: ———: ———: **Mechanic's Lien Does Not Attach to Improvements, when: Statute.** In such case, the lien of the deed of trust is superior to the mechanic's lien, not only as to the land, but as well to the said improvement thereon. Section 4205, R. S. 1899, which provides that a mechanic's lien shall attach to a building, etc., for which the material was furnished or the work done, in preference to a prior lien upon the land upon which they were put, refers to the construction of an independent or detached building or improvement placed on the land subsequent to the prior lien, and not to an improvement or alteration of, or addition to, a building standing when the prior lien was created.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. C. Allen,* Judge.

REVERSED AND REMANDED (*with directions*).

*Chas. L. Moss* for appellants.

(1) Record liens on lands are entitled to their full force and effect. Mechanics, as well as others, must be held to and public record notice of liens given to secure loans when duly made and to the same extent as are others. "The law will not relieve mechanics of the consequences of their own negligence. They are held to due diligence. Bridwell v. Clark, 39 Mo. 173; Darlington v. Harris, 107 Mo. App. 153; Schulenberg v. Hayden, 146 Mo. 591. "Mortgages existing and duly recorded prior to the date of the contract under which the lien is claimed, have priority." Dunklin v. Crane,

103 Mass. 472; Batchelder v. Rand, 117 Mass. 116; Reed v. Lamberton, 53 Mo. App. 80; Russell v. Grant, 122 Mo. 178; Boisot on Mec. Liens, sec. 124, p. 127; Jessup v. Stone, 13 Conn. 471; Reed v. Bank, 1 Sneed 262; Phillips on Mech. Liens, sec. 67, p. 126; Pride v. Viles, 3 Sneed 125; Gordon v. Tomey, 2 McCort Ch. (N. J.) 112; Hallahan v. Herbert, 11 Abb. Pr. N. S. 326. (2) A mechanic's lien is "to the extent and only to the extent of all the right, title and interest owned therein by the owner . . . for whose immediate use or benefit the labor was done or things were furnished." R. S. 1899, sec. 4204; Schulenberg v. Hayden, 146 Mo. 590. "No contractor can, by his lien, acquire a greater estate in the premises than the person who employed him possessed." Bridwell v. Clark, 39 Mo. 170; Haeussler v. Thomas, 4 Mo. App. 466; Boisot on Mech. Liens, sec. 5; Phillips, p. 1, sec. 9, p. 15, sec. 16, p. 26. "A mechanics' lien attaches . . . to whatever interest the person contracting as owner has . . . when the first item of the account or contract is furnished." Phillips, sec. 186, p. 330; O'Brien v. Hanson, 9 Mo. App. 549; Burbridge v. Marcy, 54 How. Prac. (N. Y.) 446; Dugan v. Brophy, 55 How. Prac. (N. Y.) 121. "The fact that a prior mortgagee knew that the mortgagor intended to make the improvement for which the lien is claimed, does not affect the superiority of his mortgage; and his failure to object to the work does not constitute a waiver of his rights." Boisot on Mech. Liens, sec. 148, p. 145. (3) "When the rights of third persons are concerned, a stricter construction (of the law relating to mechanic's liens) is maintained than when the controversy is between" the mechanic and owner only. Boisot on Mech. Liens, sec. 36; Rall v. McCrary, 45 Mo. App. 370; DeWitt v. Smith, 63 Mo. 266; Ransom v. Sheehan, 78 Mo. 673; Phillips on Mech. Liens, sec. 20, p. 32. (4) "The date of the first item of the lien claim is conclusive as to the date of the commencement of the lien." Coe v. Ritter, 86 Mo. 277;

Freeman v. Arnold, 39 Ill. App. 216; Clark v. Moore, 64 Ill. 279; Boisot on Mech. Liens, sec. 59, p. 64; Phillips on Mech. Liens, sec. 324, p. 578. "The mortgagee's right cannot be impaired by a contract which did not exist when the mortgage was made," and to which he was not a party. And the mortgagee's consent cannot be implied—it must be express. Phillips on Mech. Liens, sec. 232. "A mortgagee not in possession will not be affected (by liens for work done) unless his consent to the improvement is express." Phillips on Mech. Liens, sec. 232, p. 409. A subsequent, independent contract for work on an unfinished building, cannot be held to refer back to a previous contract as supplementary. The second cannot be attached to the first one as a part thereof, but must be taken as a new and independent undertaking. Phillips on Mech. Liens, sec. 324, p. 576; Boisot on Mech. Liens, sec. 52, p. 56; Naughton v. Nicholson, 97 Mo. App. 332; Miller v. Herbert, 62 Mo. App. 682. Where the work is done under a second contract or undertaking, the mechanics' liens for work under the second one dates only from the date of that contract. This applies where an original contract is abandoned and a new one made. Boisot, sec. 59, p. 64; L. R. A. N. S., vol. 15, p. 249, and notes; Phillips, sec. 231, p. 407; Bank v. Berry, 52 Me. 293; Green v. Clifford, 94 Cal. 51.

*Albert C. Davis* for respondent.

(1) The lien for work and materials as aforesaid shall be preferred to all other encumbrances which may be attached to or upon such buildings, bridges or other improvements, or the ground, or either of them, subsequent to the commencement of such building or improvements. R. S. 1899, sec. 4209. (2) The priority of mechanics' liens over all other encumbrances, being regulated by statute, decisions of other States and quotations from authors, do not apply unless they are

governed by a statute susceptible of the same construction as section 4209, R. S. 1899. (3) The lien of a mechanic who furnishes materials for a building will prevail over an encumbrance executed after the building is commenced but before the materials are furnished. Du Bois' Admr. v. Wilson, 21 Mo. 213; Engineering Co. v. Baker, 134 Mo. App. 95. (4) The test in determining the priority between a deed of trust and a mechanic's lien for improvement made after the deed of trust was filed, is whether the work and material was done and furnished in the completion of the building or in making repairs on one already finished when the encumbrance was taken. Engineering Co. v. Baker, 134 Mo. App. 95. (5) The statute (section 4209) preferring the mechanic's lien to all encumbrances subsequently attaching to either the improvement or ground is constitutional. Du Bois' Admr. v. Wilson, 21 Mo. 213; State v. Gregory, 170 Mo. 598.

STATEMENT.—This case was submitted to the circuit court on an agreed statement of facts as follows:

"For the purposes of this case it is agreed that defendant Mode is the owner in fee of the real estate described in plaintiff's petition. The lot was purchased by her from defendant Fisher about September 27, 1905, but delivery of the deed from Fisher to Mode was not made until May 22, 1906. Defendant Mode arranged for the building of two flats on said lot and built said flats, which are known as No. 1155-1157 North Euclid avenue, obtaining funds therefor from defendant Fisher.

"On May 22, 1906, the deed to this property was delivered by Fisher to Mode, and, at the same time, Mode executed and delivered to defendant Fisher as trustee for defendant Robinson, her certain promissory note for $6000, due in three years, and semi-annual interest notes and a deed of trust conveying the same real estate as security therefor. Mode was unmarried, and

the deed of trust was in the usual form, with usual provisions. This deed and this deed of trust were duly recorded in the office of the recorder of deeds of the city of St. Louis on the 29th day of May, 1906. The said $6000 note and the interest notes are now owned by defendant Fisher, and are unpaid.

"The building of the above-mentioned flats on this property*was commenced by defendant Mode in the fall of 1905, and considerable progress had been made in the construction thereof by May 22, 1906. On this last mentioned date, however, which was the date upon which defendant Fisher delivered the deed to defendant Mode, and defendant Mode executed the above mentioned deed of trust to defendant Fisher, work had ceased on the buildings on said lots, things had come to a stand, and the contractor had abandoned the job. The roof was on; brick work, stone work, plastering, etc., were done. There was trouble about funds to do the finishing, and the contractor refused to go on with it, and did not further proceed therewith thereafter.

"The $6000 which was obtained with the loan under the deed of trust was used by Mode to pay for the ground and the bills of contractors and others, and all claims against said lot or building outstanding on the 29th day of May, 1906, were fully adjusted and paid.

"Thereafter, about July 10, 1906, defendant Mode executed a written power of attorney to one Lindsay, a friend of Mode's, authorizing him to contract on her behalf for the work necessary to be done in order to complete said buildings, and the work was then commenced, said Lindsay agreeing with Mode that he would pay for the completion of said buildings in the first instance out of his own means as a loan or advancement to Mode. Thereupon, on October 27, 1906, and again on November 7, 1906, Lindsay, as Mode's agent, contracted with plaintiff, and on the 28th day of November, 1906, he contracted with plaintiff's assignor to furnish certain materials for and do certain work

on said buildings, the particulars of which and the values thereof are set forth in the testimony of William May and R. G. Hopper, introduced by plaintiff. Said Lindsay died during the progress of his undertaking and did not furnish any part of the money he had agreed to advance; nor has Mode paid plaintiff anything.

"Plaintiff and plaintiff's assignor, as original contractors, filed their separate accounts and statements within six months after their contracts were completed, in the office of the clerk of the circuit court of the city of St. Louis and secured mechanics' liens therefor on said real estate, and, within ninety days thereafter, instituted this action to recover.

"After plaintiff's assignor had duly filed his account and secured his lien, he assigned all his right and interest therein to plaintiff.

"It is agreed that the contracts under which plaintiff and his assignor did their work, were entirely independent and distinct from any contract or contracts made at the time the buildings were originally commenced; that such were with Lindsay under such subsequent undertaking at dates stated.

"It is further agreed that plaintiff is entitled to a personal judgment against defendant Mode and a lien against her interest in the above mentioned premises, for such amount as plaintiff's evidence establishes.

"The sole question here presented is whether plaintiff's lien has priority over the above mentioned deed of trust executed on May 22, 1906, by Mode to Fisher —defendants maintaining that plaintiff's lien cannot date back of July 10, 1906."

In addition to the facts there set out, it appears that in the lien claims filed by plaintiff, it is stated that the first item in one of them was October 27, 1906, the first item in the second, November 7, 1906, the first item in the third, November 28, 1906.

The trial was before the court and resulted in a judgment against the defendant Mode for $710.24 on the three claims of plaintiff. The court found as a conclusion of law on the facts, "that plaintiff's mechanics' lien for each of the several amounts found to be due him under the respective counts of his petition as aforesaid, is a prior lien to the lien of the deed of trust mentioned and described in plaintiff's petition, both as to the land in plaintiff's petition described, and as to the buildings and improvements situated thereon, as set forth in plaintiff's petition." The lots are in the city of St. Louis. It was further decreed that a "general and special execution issue in conformity with this judgment, and if a levy and sale of the above-described property be had under such special execution, then such property shall be sold free and clear from the lien of the above-mentioned deed of trust as aforesaid, and the title to said property shall be vested in the purchaser at such sale free from all lien or incumbrance of such deed of trust."

REYNOLDS, P. J. (after stating the facts).—I. It is conceded in the argument and briefs of counsel that the lien accounts which were filed by plaintiff, state the date of the first commencement of the work and furnishing of material by this plaintiff as October 27th on one account, November 7th on another, and November 28th on the third, all in the year 1906. The lien notices themselves are not set out in the abstract, as they should be, but there is no suggestion in the record that any date prior to the dates here mentiond is set out in the lien notices as filed, or that any right was set up to carry the lien back of those dates to the date of commencement of the building. We must, therefore, assume that these dates mentioned in the lien notices filed as the dates when the materials were first furnished and work first done by this plaintiff and his assignor for the construction of the building, are the earliest dates given for the inception of the lien claim.

It appears by the agreed statement of facts that these are all subsequent to the date of execution of the mortgage or deed of trust, which, according to the stipulation, was executed and delivered to defendant Fisher, as trustee for defendant Robinson, on May 22, 1906, and duly recorded the 29th day of the same month. That being so, this case falls within the decision of our Supreme Court in Coe v. Ritter, 86 Mo. 277, as interpreted by that court in the case of Landau v. Cottrill, 159 Mo. 308. In this latter case, the court, commenting on the case of Coe v. Ritter, says: "It is true, that in that case the lien was sought to be extended beyond the face of the record by showing, by parol evidence, that the materials were furnished at an earlier date than the earliest date given in the lien, while in this case a like extension of the lien is sought, by showing by parol evidence, that the buildings were commenced at an earlier date than the earliest date given in the lien. But the same object is sought to be accomplished, and by the same means; and it would seem, that the legal principles announced in that case are just as applicable to the case in hand." It is not meant by the use of the word "parol," that the objection goes to the testimony because it was by parol; the ground of the objection is, that the lien account or notice did not, in itself, furnish or set up any fact which would let in evidence to carry the lien back of the date given in the lien account, the only date given being that on which the first item of work was done or material furnished.

In Bruns v. Braun, 35 Mo. App. 337, Coe v. Ritter, supra, is referred to, and Judge BIGGS, who delivered the opinion of this court, after referring to the ruling as announced in Coe v. Ritter, that the dates as specified in the lien account cannot be changed by matters *in pais*, says (l. c. 345): "The reason of this rule is that when a party seeks to fasten a lien or incumbrance on real property, the precise nature of the lien or in-

May v. Mode et al.

cumbrance should be stated and made a matter of record, so that the owner or other parties interested might be definitely advised of the true facts touching the title to the property."

Counsel for appellants in this case invoked this rule, asserting that there is no mention made in the lien notice filed of the date of the commencement of the construction of the building, and hence no fact stated in the lien notice on which the lien can be carried back of the date given in that notice as the date on which the first material was furnished, and as that date is subsequent to the date of the deed of trust, the lien of the plaintiff on the land is subordinate in right to the lien of the holders of the notes secured by that deed of trust. We might dispose of the case on this point, as decisive, for we hold it well taken, but as that is not the main question counsel on either side have so ably argued and elaborately briefed, we have concluded not to dispose of the case on this point but on the main question.

II. Our Mechanic's Lien Law (sec. 4203, R. S. 1889), after enacting that every mechanic and materialman, etc., doing work and labor or furnishing materials, etc., for the erection of buildings and improvements on lands, etc., shall have a lien upon the buildings, etc., and the land belonging to the owner, upon which they are situated, to secure the payment for such work and labor done or materials furnished, by section 4215, provides that this lien for the work, labor and materials "shall attach to the buildings, erections or improvements for which they were furnished, or the work was done, in preference to any prior lien or incumbrance or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien, may have such building, erection or machinery sold under execution, and the purchaser may remove

the same within a reasonable time thereafter." Section 4209 provides that the lien for work and materials "shall be preferred to all other incumbrances which may be attached to or upon said buildings . . . or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements." It is over the construction, interpretation and application of the phrase, "subsequent to the commencement of such buildings or improvements," that this contest is really made. While there have been many decisions by our appellate courts on this phrase, counsel have referred us to no decision of those courts which specifically meets the facts in this case, nor has our own search through them furnished us with one that can be said to definitely and authoritatively determine it.

We have been referred to Douglas v. Zinc Co., 56 Mo. 388; Reilly v. Hudson, 62 Mo. 383; Hall v. Mullanphy Planing Mill Co., 16 Mo. App. 454; Hydraulic Brick Co. v. Bormans, 19 Mo. App. 664; Hall v. St. L. Mfg. Co., 22 Mo. App. 33; McAdow v. Sturtevant, 41 Mo. App. 220; Reed v. Lambertson, 53 Mo. App. 76; Hammond v. Darlington, 109 Mo. App. 333, all Missouri cases. It is true that in Hydraulic Brick Co. v. Bormans, this court holds that the statute is to be given a literal construction, but the rule as announced by our Supreme Court in Walden v. Robertson, 120 Mo. 38, l. c. 43, and Lumber Co. v. Clark, 172 Mo. 588, l. c. 598, now is that these are remedial statutes and to be liberally construed. But in the Hydraulic Brick Company case no question arose as to work done under a new contract, that under the old having entirely ceased, and a careful examination of all these cases has failed to furnish us with any one in which the proposition here involved has been squarely presented for decision. True there are expressions and declarations in all of them, as in the Hydraulic Brick Company case, which standing alone might be said to settle this question; but

in none of them are present such a state of facts as here presented, nor such a statement of a principle, as if applied to these facts, may be said to govern. The main question here presented is this: When the erection of a building has been commenced under contracts and on plans looking to its completion, but, before completion, work is stopped on it and the contract abandoned, do those contractors and materialmen who thereafter undertake its completion, under new contracts made with them, have a right to a lien for work and labor done and materials furnished by them under these new contracts, on the land or improvements, prior and superior to the lien of a mortgage or deed of trust, placed on the land and duly of record, after cessation of all construction work under the first contract, but prior to the doing of work and labor or furnishing material under the new or second contracts? In brief, do the claims of these subsequent contractors, assuming that the lien notice contains the averments hereinbefore referred to, relate back to the first contract and first work, to which contract and work they were not parties or privies, and so cut off the intervening mortgage from its lien on the land? It is a matter of common knowledge that buildings are commenced on plans which the owner is unable to carry out. Work stops until more funds can be provided. The owner is not ready or able to go on. A familiar illustration of this is at hand in this city. Two well-known church edifices, each planned with great towers, were commenced forty or fifty years ago and carried to completion except as to the towers. If those towers are now built, shall the materialmen and laborers carry their right to liens back over the forty or fifty intervening years and cut out any and all deeds of trust, which, in those intervening years, may have been put upon the land? Such a construction does not seem reasonable.

Probably the courts of no State have adhered more strictly to what is known as "the first spade rule" than

has that of Pennsylvania. Thus, in In re Denkel's Es-tate, 1 Pearson (Pa.) 213, a case quoted approvingly by our court in Hydraulic Brick Co. v. Bormans, 19 Mo. App., l. c. 670, it is held that "all the mechanics' liens commence at the date of the first stroke of the axe or spade used in making the house." But in Fordman's Ap-peal, 78 Pa. St. 120, the Supreme Court of that State held that persons engaged in the building finished after cessation of work under a prior contract, "could not carry back the lien for work and materials beyond the time of the recommencement of the building." It is true that this was under a Pennsylvania statute which en-acted that the lien "shall not be construed to extend to any greater or other estate in the grounds on which any building may be erected, than that of the persons in possession at the time of commencing said building and at whose instance the same is erected." We have practically and substantially the same provision in our lien law, which provides (sec. 4202), that the land "shall be subject to all liens created by this article, to the extent and only to the extent of all the right, title and interest owned therein by the owner or proprietor of such building, erection or other improvement, for whose immediate use or benefit the labor was done or things were furnished."

American Fire Ins. Co. v. Pringle, 2 Serg. & R. (Pa.) 139, is a case with most of its features common to the case at bar. The Supreme Court there held that the lien dated from resumption of the work before then discontinued, and was subject to the lien of a mortgage given after the commencement of the building, but be-tween the date of cessation of all work on it and subse-quent resumption. To like effect is Stevenson v. Stone-hill, 5 Wharton (Pa.) 301, and Hageman v. Fanj, 19 Co. Ct. Reps. (Pa.) 660. We see no essential difference be-tween our lien law and that of Pennsylvania on this matter, and while of course the decisions of the court of that State are not controlling on us, they are by

judges of high authority and the reasoning in them com. mends itself to us as sound.

On consideration of the question, our conclusion is, that section 4209 refers to the commencement of the construction under which the work was done, that is, the construction under the new and distinct contract, and not to the commencement of construction under the old and abandoned contract, a contract between which and the new contract there is neither privity of contract, of interest, nor of parties. There is no hardship or injustice in such a position; certainly none in this case. The plantiff knew that the buildings and improvements were not to be completed by the old contractor or under the old contract. He knew, either actually or by constructive notice from its record, of the existence of the deed of trust and that it was in force when he contracted to go on with his contract, so that he entered upon the work with his eyes open, and there is no suggestion of fraudulent concealment.

The foregoing is substantially the opinion filed in this case when it was first argued before us, and we concluded that opinion as follows: "We therefore hold in this case at bar, that the deed of trust is a lien on the lots, prior in right to the lien of plaintiff as contractor furnishing material and doing labor; that plaintiff is entitled to a general judgment against defendant Mode and to a lien on her equity of redemption in the lots, as also to a lien, prior in right to the other defendants, who are owners of the notes and deed of trust, on the improvements, with the further right, given by section 4205, to satisfaction out of those improvements by sale and removal thereof, if the debt is not otherwise made." Accordingly we ordered that the judgment of the circuit court be reversed and the cause remanded with directions to that court to proceed in accordance with this opinion, Judge GOODE concurring in it in full, NORTONI, J., dissenting from the first ground of reversal assigned but concurring in the bal-

ance of the opinion and in the conclusion arrived at.
Thereafter counsel for appellants filed a motion for re-
hearing, on the ground, among others, that so much of
the foregoing order as holds the improvements subject
to the claim of the plaintiff, as subcontractor, for a me-
chanic's lien superior in right to that of the appellants,
as holders of the deed of trust is erroneous, counsel
claiming that the rights of plaintiff are subject to those
of the defendants, both in the land and in the improve-
ments.    Other grounds for rehearing are assigned, but
as this is the material one and the consideration of
which disposes of the matter, we will not notice any of
the others.   It will be observed that in our former opin-
ion we did not discuss this particular phase of the
case, satisfying ourselves with the statement that
section 4205, R. S. 1899, covered the matter and that a
decree should be entered in accordance with that sec-
tion.    Our attention having been particularly called to
this branch of the case by this motion for rehearing,
we have gone into the examination of it with much more
thoroughness than we gave it before, and have arrived
at the conclusion that our former judgment was incor-
rect in holding that the lien of the deed of trust on the
improvements was subordinate to the lien of the plain-
tiff for labor and materials and that plaintiff had a
right to satisfaction of his lien out of the improvements,
to be made by sale or removal thereof, if the debt was
not otherwise made.   As will be seen by the foregoing
part of our opinion, we have decided that the addition
to or completion of the building was done under a dis-
tinct contract made and entered into after the work
done under the original contract had ceased and after
that contract had been abandoned.   As shown by the
evidence in the case, before the new contract was made
or the new work done, the deed of trust under which
defendants claim was placed upon the property.   At
that time the property consisted both of the lot and of
the building, so far as the building had then been

erected, and the presumption of law is that the mortgagee loaned his money and took the deed of trust on the faith of the lot and improvements as they then were. The cases hereafter to be referred to establish this proposition, and they establish it in construing what is section 4205, R. S. 1899, which says that the lien shall attach to a building, erection or improvement for which the material was furnished or the work done, in preference to a prior lien, incumbrance or mortgage upon the land upon which they were put. These words, "upon the land upon which they were put," must be assumed to have been used intentionally; that is, they refer to naked land. It is this section and these words upon which the sole claim for priority of a mechanic's lien on the land must rest. But this section does not in terms make provision for the case of a mortgage which covers both the land and improvements then on it. Its fair construction has been held to be that it is not intended to cover the case of improvements made upon land theretofore unimproved, nor to improvements on the land when the prior lien was given. It has been held in adjudicated cases on this identical section, and on like sections in the laws of other States having lien laws which, so far as this point is concerned, are identical with our own, that this language refers to the construction of an independent or detached building, improvement or erection on the land, placed thereon subsequent to a deed of trust or mortgage, and that it does not refer to an improvement, alteration, repair or reconstruction of a building before made and standing when the mortgage was given nor to an addition to it. This has been held and the reason for it very clearly set forth by a decision of this court in the case of Haeussler v. Thomas, 4 Mo. App. 463, the decision being rendered by Judge HAYDEN, one of the ablest lawyers who ever sat upon the bench of this court, in which that judge cites many cases in support of the conclusion arrived at by the court, to the effect

that the word "improvement," as used in this section of the statutes, means, not an addition to a building already constructed, but to an independent structure on the land. The opinion cites and quotes a case in which it was held that where, as against a mortgagee holding a mortgage on a lot and a building thereon, a lien was claimed for lumber furnished under contract with the owner, partly for putting a third story on the house already built, partly for erecting a stable, that the part of the claim for material used in erecting the new structure had preference to the lien of the mortgage, while that part of the claim which was for subsequent repairs upon the house covered by the mortgage, must give place to the latter. The case from which Judge HAYDEN adopts this as the law is that of Getchell & Tichenor v. Allen, 34 Iowa 559, l. c. 562-563. An examination of that case and of the sections of the Iowa statutes there referred to, shows in the first place that Judge HAYDEN's reference to it is accurate, and in the next place that the Iowa statutes are almost identical with our own on this branch of the case. The same proposition was before the United States Circuit Court for this circuit, in the case of Taylor et al., Trustees, etc., v. Burlington, etc., Ry. Co., reported 4 Dillon's Circuit Court Reports 570, s. c., 4 Central Law Journal 536, a decision by Judge DILLON, concurred in by District Judge Love, in which the case of Getchell & Tichenor v. Allen, supra, is referred to and followed.

In the case of Schulenburg v. Hayden, 146 Mo. 583, Judge MARSHALL, who delivered the opinion of the court, holds, at page 594, that the true construction to be placed upon what is now section 4205, R. S. 1899, is "that if there is a mortgage on the land, and a contractor, under contract with the owner of the equity of redemption, builds a new house upon the land, he has a mechanic's lien against the house, and the house may be sold, and may be removed from the land by the purchaser, for this preserves to the mortgagee all the

security he formerly had, and secures, as far as possible, the payment to the contractor for the work and materials he employed in building the house." But, says Judge MARSHALL, this is all that section means or guarantees, and, he says, this is made perfectly clear in the light of what is now section 4204, which confines the mechanic's lien to the right, title and interest of the owner. Referring to what is now section 4209 of our statutes, Judge MARSHALL further observes that this section, of course, gives the mechanic's lien a priority over subsequent mortgages, but that where the mortgage covers the land and the house and the house is partly destroyed by fire and a contractor reconstructs it under a contract with the owner of the equity of redemption, what is now section 4205, does not authorize the mechanic's lien to take priority over the mortgage or to have a sale of the reconstructed house and its removal. "It may be," says Judge MARSHALL, "that the reconstruction of the house would increase the security of the mortgagee, but he is not bound to rebuild the house—he may be content with his security of the land and the ruins of the house—which may be worth, as in this case, two-fifths of his mortgage. He has no power to prevent the owner of the equity of redemption from contracting with any person to reconstruct the house upon the faith of the credit of such owner, because he is not even entitled to foreclose his mortgage until condition broken, and is not entitled to exercise acts of dominion over the property (except to prevent waste) until he acquires title at the foreclosure sale. On the other hand, the contractor can protect himself by not taking the risk, without the express consent of the mortgagee."

The line of argument and decisions in these cases leads to the result that section 4205 covers the case of unimproved lots or land; lots and land without erections and buildings upon them when the mortgage lien

142 App—43

was created, and does not cover lots and lands with improvements then on them. In brief, does not disturb or interfere with the lien of a mortgage or deed of trust, when that mortgage covers the tract as well as improvements then on it—using the word "then" with reference to what improvements were on the land at the date of the deed of trust or mortgage.

On the authority of these cases, as we understand them, and on our own interpretation of our statutes, we are compelled to hold that the decision of the learned trial judge was erroneous in holding that the lien of the materialman was superior in right to that of the holders of the secured notes, inasmuch as we have held that the making of these improvements, for which the mechanic's or materialman's lien has been filed, was practically and in fact the entering upon a new construction under a new contract. The judgment of the circuit court is reversed and the cause remanded with directions to the circuit court to enter up a judgment for the amount of the debt found against the defendant Kate Mode and awarding plaintiff special execution therefor with the provision that if no sufficient property of the said defendant Kate Mode be found to satisfy the judgment and costs, that the same or the residue thereof be levied on the equity of redemption or interest of the said Kate Mode in the property described, subject to the prior lien secured by the deed of trust, and that judgment be entered in favor of the defendants Fisher and Robinson. All concur.