HOUSER & BRONSON, plaintiffs in error, *vs.* O. B. RILEY, administrator, defendant in error.

(BY TWO JUDGES.)—When money was collected by one of a firm for a third person, and, with the full knowledge of the partners, was applied to the use of the firm, they are liable, as partners, to the owner of the money for the debt, nor does it change the rule that one of the partners, other than the one collecting the money, considered the money advanced to the firm as part of the proportion of the partner collecting the money. 12th March, 1872.

Partnership.    Before Judge COLE.    Houston Superior Court.    May adjourned Term, 1870.

This was assumpsit, by Riley as administrator of Riley, against Houser and Bronson for money had and received. Houser testified that he and Bronson were needing money, and trying to borrow it, and that he had some money which he had collected as agent for Riley, deceased, and put it into the firm business, placing it to the " credit of the firm, upon its books." He said Bronson knew not how he got the money, at the time, but, upon being subsequently informed, expressed himself satisfied with the matter. Bronson testified that he had put $3,000 into the firm business, and Houser had put nothing in ; and he supposed that this was a payment into the firm, by Houser, for his own credit. The firm knew that the money was Riley's and afterwards used it. Defendant's counsel requested the Court to charge the jury as follows : " If the money alleged to have been lost by plaintiff's intestate was, in fact, lent on the credit of the individual member of the firm, although it be actually used and applied to the partnership purposes, the firm is not bound ; it will be considered an advance, by the individual, for the benefit of the firm, and he will become the creditor of the firm.

The Court refused so to charge, but charged as follows : " If the money was, in fact, applied to the partnership uses, and for the benefit of the partnership, with the knowledge

Houser & Bronson *vs.* Riley.

and consent of both partners, the partnership is liable, whether the credit was given to the partnership or to one of the members of the firm."

The jury found for plaintiff. A new trial was asked, upon the grounds that the Court erred in charging as he did, and in refusing to charge as requested, and because the verdict was wrong. The Court refused a new trial, and error was assigned upon those grounds.

KILLEN & MARTIN; POE, HALL & POE, for plaintiffs in error.

DUNCAN & MILLER, for defendant, cited 8 Ga. R., 493.

McCAY, Judge.

To have given the charge asked for would have been assuming that this money was loaned to one of the firm, of which there was no evidence. The party collecting the money testified that, having it in hand, as the agent of Riley, he loaned it to the firm, and there are two witnesses who testify that this money was used by the firm, knowing it was Riley's money. Indeed, all parties admit that this was Riley's money, and that it went to the use of the firm. Parties are bound to take notice of the ownership of property, if they are informed of the truth, and it is admitted here that, when the fact came to their knowledge that this was Riley's money, all these parties ratified and approved of the appropriation of it to the use of the firm.

The testimony of William Bronson is, that this money was placed to the credit of the firm, not to his individual credit. Had it been an advance of his own, it must have gone on the books in that way. These books were open to inspection, and it is clear that all parties knew the exact truth of the case. We see, therefore, no error in the Judge's charge, nor in finding of the jury.

Judgment affirmed.