CUNNINGHAM, guardian, vs. WOODBRIDGE & HARRIMAN et al.

1. Where money of a ward was sent by the guardian to another to invest, and it was invested in a bond, and the person so investing formed a partnership, and the firm used the bond as a collateral security, if the bond had been non-negotiable, the conversion and liability of the firm would be clearly shown in an action of trover; and as notice to one partner is notice to all and binds the firm, although the bond was negotiable, the firm were not innocent purchasers without notice; and the grant of a nonsuit was error.

2. Although the partner who fraudulently put in, as an asset of the firm, the bond in which the ward's money was invested may have left the state, yet service on the remaining partner was service on the firm, and bail process having been taken out against the firm, and bond having been given by them, the suit was against them, and not against the remaining partner alone, and any indebtedness between the partners would not be a defence to the suit against the firm.

March 30, 1886.

Partnership.   Title.   Conversion.   Notice.   Parties.
Before Judge ADAMS.   Chatham Superior Court.   December Term, 1885.

Reported in the decision.

CHISHOLM & ERWIN; LAWTON & CUNNINGHAM, for plaintiff in error.

DENMARK & ADAMS, for defendants.

JACKSON, Chief Justice.

An action of trover was brought by the guardian of an infant against the firm of Woodbridge & Harriman for the recovery of a five hundred dollar state of Georgia bond, and at the close of plaintiff's testimony, a nonsuit was granted, which makes the error assigned here.

Mrs. Cunningham, the guardian, sent money of her ward to Woodbridge to invest, which he did in the bond sued for. He never returned the bond to her, but used it indi-

vidually as collateral security in a bank. After he failed as an individual, he formed a partnership with Harriman, and carried the bond into that firm as an asset there, and there it was used as a collateral security for the firm in a bank from which they were borrowing. Woodbridge knew all about the bond, of course, as he invested the ward's money for her guardian, but he did not communicate to his partner that he had no title to it, but it belonged to the ward. So that the question is, did his knowledge bind the firm of which he was a partner, and was the firm a *bona fide* holder of this negotiable bond without notice and its title good against the true owner?

1. If the bond had not been negotiable, but a mere personal chattel, it is clear that the conversion of it by the firm and their liability for it would be made out completely and the nonsuit would be error. Being a negotiable bond if they bought it without notice, they would be protected against the true owner; but did the firm buy without notice or knowledge, when one of them knew all about it, and fraudulently, as to the true owner, put it in the business of the firm and they used it as collateral?

Notice to one partner is notice to all and binds the firm. Knowledge of one is knowledge of all and binds all. 1 Collyer on Part., 269, 641, 654. Even a fraud by one is fraud in all as to innocent third parties. Code of Ga., §1015; *Alexander vs. The State*, 56 *Ga.*, 478.

Therefore, the firm procured this bond with full knowledge to whom it belonged, and the plaintiff is entitled to recover it, and the nonsuit is clearly an erroneous judgment on the facts proved. *Welker vs. Wallace*, 31 *Ga.*, 362, covers this case all over. *Houser & Bronson vs. Riley*, 45 *Ga.*, 126, is also on it.

2. But it is insisted that Woodbridge is out of the state and was not served, having run away, as counsel alleges, and that the action is virtually against Harriman, and Harriman had no notice and is left to bear the burden of Woodbridge's iniquity.

Service on Harriman is service on the firm.   *Fleshman & Co. vs. Collier*, 47 *Ga.*, 253.  The action is bail trover, and the bond is given by the firm, and the surety is surety for the firm.   So the action is against the firm; the firm is sued; the firm has secured the debt or damages if the property is not forthcoming, and even if Harriman individually had any equity against the true owner of the bond, which equity is quite dim to us, the proceeding is not against him individually, and will not be, because the firm has secured the plaintiff.   Most clearly, if his partner, who is beyond seas, is indebted to Harriman, the firm debts must be paid before the partner's indebtedness to it can be paid out of the joint assets; and we can conceive of no debt more sacred than what the firm owes for converting another's property to its own use.

In any view we can take of the case, the nonsuit is wrong.

Judgment reversed.