J. I. Porter Lumber Company *v.* Hill.

Opinion delivered December 12, 1903.

1. Estoppel—silence of agent.—In trespass for cutting timber, an answer to the effect that plaintiff was estopped to recover because his agent stood by and failed to object to the cutting and conversion of the timber is insufficient in failing to allege that such agent had authority to act in the matter. (Page 64.)

2. Pleading—negative pregnant.—Where a complaint in trespass alleged that plaintiff "is, and has been for ten years last past, the owner and in the constructive possession of the land," an answer which "denies that the plaintiff is, and has been for the last ten years, the owner and in possession of the land," is defective as containing a negative pregnant. (Page 65.)

3. Instruction—invited error.—Where in trespass an answer denying plaintiff's ownership was treated below by the court and the parties as being insufficient to put plaintiff's ownership in issue, defendant cannot on appeal complain that the court erred in assuming that the plaintiff was owner of the land in question. (Page 66.)

Appeal from Jefferson Circuit Court.

Antonio B. Grace, Judge.

Affirmed.

STATEMENT BY THE COURT.

D. C. Hill brought an action against the J. I. Porter Lumber Company and George Jordan to recover damages for trespass upon land and for conversion of timber and logs. He alleged in his complaint that "he is and has been for ten years last past the owner and in constructive possession" of certain lands in Jefferson county described in the complaint. He further alleged that the defendants had unlawfully entered upon said land, and cut, carried away and converted timber of the value of $1,000; and he asked judgment under the statute for treble damages.

To this complaint the defendant company filed an answer, the first paragraph of which is in the following language: "It

denies that the plaintiff is and has been for the last ten years the owner and in the constructive possession of the lands mentioned in the complaint."

In an amendment to the answer the company set up the further defense that it had purchased a lot of pine logs from its co-defendant, George Jordan; that, if these logs belonged to plaintiff, he ought not to recover, for the reason that the company had purchased the logs without knowledge of his ownership, and that plaintiff is estopped to recover from this defendant because "plaintiff's agent, who at the time was one C. B. Atwood, stood by, looked on, and well knew that the timber was being cut by Jordan, and was being hauled from the land and sold to this defendant and other parties, and said agent of plaintiff did not at that time, or any other time, until after this defendant had purchased and paid for the logs, and manufactured them into lumber, and disposed of it, assert his claim thereto, or make his claim known to defendant, but, on the contrary, designedly, and with willful disregard of the interest of this defendant and others, failed to speak and assert his claim when in law it was his duty to do so, and by his silence suffered and permitted this defendant to become an innocent purchaser without notice."

For further defense the company alleged that the land had been returned delinquent for non-payment of taxes for year 1894, and sold at a sale of delinquent land held in May, 1895; that the land was bought by Hume and Kendall, to whom in due time the clerk of the county executed a tax deed; and that Jordan cut the timber under a contract with Hume and Kendall, who owned the land by virtue of the tax deed.

The court sustained a demurrer to the paragraph of the answer setting up the defense of estoppel. The case went to trial upon the other issues raised by the answer, and there was a verdict in favor of plaintiff for the sum of $269.57, and judgment rendered accordingly, from which the company appealed.

*M. A. Austin,* for appellant.

The court erred in sustaining the several demurrers of plaintiffs. 33 Ark. 465; 10 Ark. 211; 24 Ark. 371. A claim of constructive possession cannot be predicated on any except a

legal title. 26 Ark. 496; 38 Ark. 181. The court erred in its instructions.

*Crawford & Hudson,* for appellee.

The answer of appellant was insufficient as a denial, being a "negative pregnant." Bliss, Code Pldg., § 332; 16 Barb. 54; 15 Cal. 638; 17 Cal. 123; Id. 569; 26 Cal. 293; 22 Cal. 164; 44 Cal. 287; 50 Cal. 610; 4 Ore. 288; 4 Neb. 521; 5 Ore. 447; 39 Cent. Dig. 1500-1507. There was no specific denial of the allegations of the complaint, and they were admitted. Sand. & H. Dig., § 5722; 31 Ark. 346; 43 Ark. 296; 35 Ark. 104.

RIDDICK, J. (after stating the facts.) This is an appeal from a judgment in favor of D. C. Hill against the Porter Lumber Company for damages for unlawfully entering upon the land of the plaintiff and cutting and converting to its own use timber and logs belonging to plaintiff.

In one of the paragraphs of its answer the company undertook to set up the defense of estoppel, but we think that the action of the court in sustaining a demurrer to this paragraph was clearly correct, for it does not allege facts sufficient to constitute an estoppel. It does not allege that the agent of plaintiff who "stood by and failed to object to the cutting and conversion of the timber" had authority to act in that matter. Much less does it show that his authority was such that a mere failure on his part to make this objection estopped the plaintiff from asserting his rights. It is alleged in the answer that one Atwood was an agent of plaintiff, but the answer does not show what kind of an agent he was, nor what his powers were. The mere failure of an agent employed to pay taxes and prevent trespassing upon land to perform his duty could not affect the rights of plaintiff in this action, for an agent with such limited powers has no authority to give the timber of his principal away; and if he could not do so directly by permission or agreement, he certainly could not do so indirectly by acts constituting an estoppel.

The only other point presented arises on an exception to an instruction given by the presiding judge to the jury in reference to the ownership of the land described in the complaint. In

order to understand the circumstances under which the instruction was given, it will be necessary to state that during the progress of the trial the plaintiff introduced evidence showing that he had purchased the land from certain parties, and that after the purchase he had paid the taxes on the land continuously for eighteen or twenty years. He also read in evidence a tax receipt for the taxes for the year 1894, showing that he had paid the taxes for that year. When the evidence was all in, the court said to the jury: "The plaintiff is the owner of the land described in the complaint, and, the taxes having been paid for the year 1894, the forfeiture and sale for that year were illegal and void, and gave no right to anyone claiming under said sale, and, notwithstanding the sale and the deed made thereunder, the title to the land and the timber thereon remained in the plaintiff." The instruction then proceeds to submit to the jury the question as to whether the defendant got timber from the land, and converted the same to its use, but it is unnecessary to set out that portion of the instruction. The defendant saved his exceptions to the instruction, and now contends that the court erred in telling the jury that plaintiff was the owner of the land from which he claims the timber had been cut. If this fact had been one of the issues raised on the trial, we would be compelled to sustain this contention, for the chain of title introduced by the plaintiff does not go back to the State or United States, and there is no evidence to show that plaintiff or either of his grantors was ever in possession of the land. On the contrary, the evidence shows that the land was wild and unimproved, and that no one has been in the actual possession of it; and so the evidence is not sufficient to prove title, if that fact had been in dispute. *John Henry Shoe Co.* v. *Williamson,* 64 Ark. 100; 10 Am. & Eng. Enc. Law (2d Ed.), 484.

But plaintiff contends that the answer of the defendant is not sufficient to put that question in issue. Plaintiff alleged in his complaint that "he is and has been for ten years last past the owner and in the constructive possession" of the lands. The answer of the company to this allegation was in the following language: "It denies that the plaintiff is and has been for the last ten years the owner and in the possession of the land." Now, this form of denial is what is sometimes called a negative pregnant. In other

words, it is a form of denial which implies an affirmative. The denial is not that plaintiff was the owner of the land at the time the timber was cut, nor is it a denial that he was the owner at any time during the ten years that he alleges that he owned it, but it is in effect a denial that plaintiff was both the owner of the land during that time and in the constructive possession of the same. By that denial the pleader may have intended to admit the ownership, and to deny the constructive possession, or he may have intended to admit both of these facts, and to deny that plaintiff had been the owner "for the last ten years." This form of denial is ambiguous, and has been frequently condemned, both at common law and under the code. Bliss, Code Pleading (3d. Ed.), § 332; Pomeroy, Code Pleading (3d Ed.), § 618; 1 Encyclopædia Pleading and Practice, 796, and cases cited.

Notwithstanding the defects in the answer, if the defendant had really intended to put the question of title in issue by that answer, and if the parties had without objection tried the case on that theory, it would be too late to object now. But an examination of the record in this case has convinced us that the parties below did not treat the question of whether or not the plaintiff had at one time owned the land as an issue on the trial. The defendant set up in its answer that the land had been forfeited and sold for non-payment of taxes in the year 1895, and that the timber had been cut under a contract with the party who owned the title derived from such sale, and it contended that this tax title was valid. It did not object to the introduction of the deeds offered in evidence by plaintiff showing color of title to the land under which he had paid the taxes for many years. Nor did it object to the introduction of the evidence showing payment of taxes, except so far as it tended to overthrow the tax title set up in the answer. It did not call the attention of the court to the fact that the chain of title introduced by plaintiff did not go back to the government, nor move to exclude it, nor call for any ruling by the court on that point. It is true that the defendant objected to the instruction given by the court in which the court told the jury that plaintiff was the owner of the land, yet when that objection is considered in the light of the whole record, it plainly appears that it was based on the fact that this instruction told the

jury to disregard the tax title set up by the defendant, and which defendant contended was valid.

Now, we have already called attention to the fact that the answer of the defendant does not in fact deny that plaintiff was at one time the owner of the land as alleged by him. The answer may be strictly true, and yet plaintiff may have at one time owned the land. Notwithstanding such defect, we, as before stated, should have treated it as a denial of ownership here, had it been without objection so treated below. But, as we have also previously stated, the facts in the record show that neither the trial judge nor the defendant company treated that fact as controverted, further than was done by setting up a tax title upon which the defense was based. This conduct of the defendant, taken in connection with the form of the answer, led the presiding judge to take it as admitted that the title was at one time in plaintiff, and to pass on the question of title only as it was affected by the tax title set up by defendant. And, when the undisputed evidence showed that the taxes for the supposed nonpayment of which the land was sold had in fact been paid in due time before the sale, there was nothing to support the tax sale or the title based thereon; and the court, looking at the case from that standpoint, so instructed the jury. If this was error, it was one invited by the ambiguous answer and the subsequent conduct of the defendant, of which it should not be allowed to take advantage. *Klein* v. *German National Bank,* 69 Ark. 140-145.

Being convinced that the judgment is right, it is therefore affirmed.