KROW & NEUMANN *v*. BERNARD.

Opinion delivered February 20, 1922.

1. PARENT AND CHILD—PURCHASE BY PARENT OF CHILD'S LAND.— Where land belonging to minor heirs was sold under a mortgage executed by their mother, from whom they inherited, a purchase of the land by their father within the period of redemption from the purchaser at the foreclosure sale was tantamount to a redemption by the father for the benefit of such minor heirs.

2. VENDOR AND PURCHASER—BONA FIDE PURCHASER.—To overcome a plea of innocent purchaser, it was only necessary to show that the purchaser had actual knowledge of defects in his vendor's title, or had notice of such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry, which, if diligently pursued, would lead to such knowledge.

3. VENDOR AND PURCHASER—NOTICE TO PARTNER OF DEFECT IN TITLE.— Where one member of a partnership had knowledge of such facts as would put him on inquiry as to a defect in the title to land, his partner cannot hold his partnership interest therein under the plea that he did not have knowledge of the same facts and circumstances connected with the title which his partner had.

4. CANCELLATION OF INSTRUMENTS—RESTORATION OF CONSIDERATION.— Where a father redeemed land belonging to his infant children from a mortgage foreclosure by paying the amount of the indebtedness with interest, and sold the land to defendants, the latter are entitled, on the sale being canceled, to recover the amount of the mortgage indebtedness with interest, but not to recover the value of the consideration paid by them for the land, where it is not shown that the children received the same.

5. HOMESTEAD—RIGHT TO RECOVER—LACHES.—A suit by heirs to recover their parents' homestead is not barred by laches where the suit was instituted before the youngest child became of age.

Appeal from Phillips Chancery Court; *A. L. Hutchins*, Chancellor; affirmed.

*Bevens & Mundt*, for appellants.

1. Fraud will not be presumed. The only thing in relation to the foreclosure sale to Bush that would indicate fraud is the circumstance that he sold to Bernard on the same day that he bought the land. But a circumstance negativing the idea of fraud is the fact that appellees waited fourteen years before bringing suit, all

persons with actual knowledge of the transactions having died in the meantime. 135 Ark. 240.

The fact that a lawyer skilled in examining titles, examined and approved this title only a few months after the forclosure and while all the facts were easily obtainable, is another circumstance which negatives fraud.

2. Appellants are innocent purchasers. 135 Ark. 206.

3. If appellees are to be allowed to recover, appellants should have judgment against them not only for the amount of the mortgage debt assumed by them, and paid, but also for the additional cash consideration and the house and lot given to Bernard for the land. 135 Ark. 206.

*Moore & Vineyard* and *J. G. Burke,* for appellees.

1. J. D. Bernard, at the time of the foreclosure sale, was the natural guardian of his minor children, and, under the law, he was not permitted to purchase, either directly or indirectly, at such sale for his own use and benefit. The trust relation was not destroyed by virtue of the fact that the sale was made to a third party, and the latter deeded to Bernard. 129 Ark. 149; 89 *Id.* 168; 54 *Id.* 627.

2. Appellants are not innocent purchasers. The chain of title reflects a state of facts clearly sufficient to put any prudent person upon notice as to the rights of the appellees in the land. 50 Ark. 322-327; 103 *Id.* 425-429; 118 *Id.* 192-198; 108 *Id.* 490; 87 *Id.* 490; 107 *Id.* 487; 135 *Id.* 216; 58 *Id.* 984; 137 *Id.* 18; 138 *Id.* 215.

Neumann, being a partner with Krow, is chargeable with knowledge of all the facts and circumstances which were known by Krow. 76 Ga. 302; 68 Ala. 380; 124 Ala. 451.

3. The decree as to the purchase money was right. 38 Ark. 584; 37 N. Y. L. 503.

4. Appellees are not barred by laches. Fitzhugh Lee Bernard was still a minor when suit was brought and

Mrs. Guthrie's right of action did not accrue until the youngest child reached majority.  92 Ark. 143; 53 *Id.* 400.

WOOD, J.   This suit involves the title to fifty-three acres of land in Phillips County, Arkansas.   On the 3rd of March, 1899, Mrs. M. M. Bernard purchased from one Joseph S: Miller the land in controversy.   On the 19th of March, 1903, Mrs. M. M. Bernard and her husband, J. D. Bernard, executed and delivered a deed to the land in controversy to C. N. Biscoe, trustee named therein, for the use and benefit of F. F. Kitchens, to secure the payment of $550, evidenced by two promissory notes bearing interest at the rate of 10 per cent. per annum from date until paid.   On the 1st of February, 1905, the deed of trust above mentioned was foreclosed by C. N. Biscoe, the trustee named therein, under the power and according to the terms provided in the deed of trust. James R. Bush purchased the lands at the sale for the sum of $947.50.   On the same day Bush and his wife by quitclaim deed conveyed the land to J. D. Bernard for the consideration of $957.50.   On the 17th day of August, 1905, Bernard executed a warranty deed conveying the land to S. Krow & Son for the consideration of $973.75.

On the 29th of September, 1903, Mrs. M. M. Bernard died intestate.   Surviving her were J. D. Bernard, her husband, and four minor children, to-wit: Percy L., Ora Thelma, Fitzugh Lee and Effie May, who afterward married one Guthrie.   Percy L. and Ora Thelma Bernard died in infancy, leaving as their sole heirs at law Fitzhugh Lee Bernard and Effie May Guthrie.   At the time of the death of Mrs. M. M. Bernard she and her minor children resided upon the lands in controversy as their homestead.   After her death her husband, J. D. Bernard, and the minor children continued to reside upon the lands until the property was sold and conveyed by him to S. Krow & Son.

This action was begun in the chancery court of Phillips County by Fitzhugh Lee Bernard, through his next friend, T. W. King, and Mrs. Effie May Bernard Guthrie

against Ira Krow and Victor Neumann, a partnership doing business under the firm name and style of Krow & Neumann, successors to S. Krow & Son, to recover the possession of the lands in controversy. It was alleged in the complaint that the property was the sole and separate property of Mrs. M. M. Bernard, the mother of plaintiffs, and at her death passed to the plaintiffs, subject to the indebtedness due Kitchen under the deed of trust. It was further alleged that at the time of the foreclosure of the deed of trust and the sale of the property thereunder, plaintiffs were minors; that J. D. Bernard was their natural guardian; that whatever interest J. D. Bernard acquired under the foreclosure sale inured to their use and benefit; that Bush, who purchased at the foreclosure sale, acted only as an intermediary for the purpose of transmitting the title to the property to their father, and that the effect of the deed from Bush and wife to Bernard was to vest the title to the land in their father as trustee for them; that the sale from Bernard to S. Krow & Son was void, as the plaintiffs did not convey their title to the lands, but it was nevertheless a cloud upon the title. It was alleged that the defendants had knowledge of all the facts above stated; that, notwithstanding such knowledge, they entered into possession of the land on or about the 17th of August, 1905, since which time they had been in possession, collecting the rents and profits. The plaintiffs prayed that title to the property be divested out of the defendants and vested in the plaintiffs; that the deed from Bernard to S. Krow & Son be canceled as a cloud upon their title; that a master be appointed to ascertain the amount of rent and profits collected by the defendants during their occupancy; and that the plaintiffs have judgment for same, and for all other and proper relief.

Defendants in their answer denied all the material allegations of the complaint and deraigned title under the deed of trust of Mrs. M. M. Bernard to Biscoe, trustee, and the foreclosure sale and purchase thereunder as

set forth in the complaint. They denied that the foreclosure sale and the purchase thereunder were void. They set up that that the sale and the purchase were regular and according to law. Among other things they alleged that the defendants purchased the land in good faith at a time after the foreclosure sale when the lands had enhanced in value and after the purchaser thereof at the foreclosure sale and his grantees had placed valuable improvements thereon; that they believed that they were getting a good and perfect title by their purchase and purchased without any knowledge or notice of any possible claim of the plaintiffs. They therefore alleged that they were innocent purchasers for value and entitled to protection as such. They alleged that they had peaceably improved the land, paid the taxes and assessments thereon for nineteen years.

For the purpose of obtaining alternative relief in the event it should be adjudged that the lands belonged to the plaintiffs, the defendants alleged that S. Krow & Son bought the land on the 17th day of August, 1905, from J. D. Bernard and paid therefor in the following manner: By assuming the mortgage debt of $973.75 and interest thereon due under the mortgage of J. D. Bernard to Mrs. Clara S. Bush, and by deeding to the said Bernard a house and lot in Trenton, Arkansas; that the defendants paid full value for the lands; that the mortgage debt was satisfied by the defendants; that the mortgage had been placed on the lands to pay the mortgage debt due F. F. Kitchens, which in turn was incurred to pay off a mortgage debt to T. W. King; that by reason of these facts defendants were entitled to be subrogated to the rights of the lien-holders to secure the defendants repayment of the money advanced and used in discharging the lien debts on the land; and in addition to this that the plaintiffs should do equity by repaying to the defendants the value of the house and lot in Trenton, Arkansas, to-wit, the sum of $500, and also the sum of $225 in cash. The answer also contained a plea of the statute of limitations and of laches.

Various deeds were introduced showing the deraignment of title by the respective parties as set forth in their pleadings, and also a deed from Krow & Neumann to Bernard conveying a house and lot in Trenton, Arkansas. After considering these documents and the depositions of the various witnesses introduced on behalf of the parties, the court made the following findings:

"That the land in controversy was purchased by Mattie Matilda Bernard, on or about the 17th day of March, 1899, from one Joseph S. Miller, and that the said Mattie Matilda Bernard entered into immediate possession of said land and occupied the same as her homestead until the day and date of her death, on the 29th day of September, 1903; that on the 19th day of March, 1903, the said Mattie Matilda Bernard joined with her husband, J. D. Bernard, in the execution of a certain deed of trust given by them to C. N. Biscoe, trustee, for the use of F. F. Kitchens, to secure an indebtedness due by J. D. Bernard to the said F. F. Kitchens; that the said Mattie Matilda Bernard departed this life intestate on the 29th day of September, 1903, leaving surviving her J. D. Bernard, her husband, who died during the month of September, 1908, and four minor children, namely, Percy L., Ora Thelma, and the plaintiffs, Effie May Bernard, now Guthrie, and Fitzhugh Lee Bernard; that all of said children were minors at the time of their mother's death, and that the said Percy L. Bernard and Ora Thelma Bernard, two of the children above mentioned, died in infancy, subsequent to the death of their mother, Mattie Matilda Bernard, and that the plaintiffs herein are the sole living heirs-at-law of their mother, Mattie Matilda Bernard; that the land in controversy was occupied by the said Mattie Matilda Bernard as a homestead at the time of her death, and that the title upon her death passed to the children above mentioned, subject to the life estate of J. D. Bernard, which life interest was postponed until after the expiration of the homestead interests of the said minor chil-

dren; that the said land at the time of the death of the said Mattie Matilda Bernard was subject to the mortgage indebtedness due by the said J. D. Bernard to the said F. F. Kitchens; that on the first day of February, 1905, the deed of trust given by J. D. Bernard in which the said Mattie Matilda Bernard joined with him in the execution thereof to F. F. Kitchens, to secure a mortgage indebtedness due by the said J. D. Bernard to the said F. F. Kitchens, was foreclosed under its powers by C. N. Biscoe, trustee, and the lands in controversy were purchased at said sale by James R. Bush, who on the same day and date of said sale deeded the said property to J. D. Bernard, father of the plaintiffs herein, who were minors at the time of said foreclosure sale; that the said James R. Bush, in purchasing said land at said foreclosure sale, acted only as a medium for the purpose of transmitting the title to said lands to the plaintiff's father, J. D. Bernard; that at the time the mortgage in favor of F. F. Kitchens was foreclosed under its powers by C. N. Biscoe, trustee, the said J. D. Bernard was the natural guardian of his minor children, who were the owners of the fee title to said lands in controversy by inheritance from their mother, Mattie Matilda Bernard, and that any and all right, title, claim and interest acquired by the said J. D. Bernard was that of trustee for the use and benefit of the minor children, the plaintiffs herein; that the sale of the land in controversy by J. D. Bernard to S. Krow & Son was void in so far as the same affects the right, title, and interest to said property of the plaintiffs herein; that the said J. D. Bernard held the record title to said property as trustee only for the use and benefit of the plaintiffs herein, and therefore could not sell and convey their interests in said land; that the defendants, Ira Krow and Victor F. Neumann, purchased the lands in controversy from J. D. Bernard, father of the plaintiffs herein, under circumstances creating actual and constructive notice of such trusteeship, and are therefore not entitled to avail themselves of the defense that they were and are now *bona fide* purchasers for value of said

land, but the court finds that said defendants, Ira Krow and Victor F. Neumann, are entitled to recover of and from the plaintiffs herein the sum of $973.75, the amount of the original mortgage indebtedness, together with ten per cent. interest from the 17th day of August, 1905, and that the defendants are further entitled to recover the sum of one hundred and twenty-seven and 46/100 dollars, expended by them for the payment of taxes, together with interest thereon at six per cent. per annum, and are further entitled to recover the sum of six hundred and sixty-two and 61/100 dollars for improvements made upon the said place during the time that they have occupied the same since the 17th day of August, 1905; that the defendants are not entitled to recover the sum of $225 alleged to have been paid by them in cash to the said J. D. Bernard at the time that they purchased the land in controversy, nor are the defendants entitled to recover the value of the house and lot given by them to J. D. Bernard in exchange or as a part of the consideration for the purchase of the land in controversy; that the plaintiffs are entitled to recover the rent from said land in the sum of $175 per annum from 1905, which finding as to the rental value of said land is based upon agreement between counsel for plaintiffs and defendants; that the plaintiffs are entitled to the immediate possession of the land in controversy.

The court thereupon entered a decree adjudging that the plaintiffs were the owners and entitled to possession of the land, which is described in the decree. There was a decree also for the plaintiffs in the sum of $2,800. The court further entered a decree in favor of the plaintiffs in accordance with his finding for the rents and profits against the defendants, less the amount of the mortgage indebtedness, taxes and interest thereon, and improvements. The sum thus ascertained was $70. The decree also canceled the deeds from Biscoe, trustee, to Bush; from Bush and wife to Bernard; from Bernard to S. Krow & Son; and from Rosa Krow to Ira Krow and Victor F. Neumann. From that decree is this appeal.

1. The appellants contend that the court erred in finding that "James R. Bush, in purchasing said land at said foreclosure sale, acted only as a medium for the purpose of transmitting the title to said land to the plaintiff's father, J. D. Bernard;" and that the court erred in holding that Bernard acquired no title by his purchase from Bush. It is unnecessary for us to determine whether the court erred in finding that Bush acted as a mere intermediary in making the purchase. For, if it be conceded that the purchase by Bush was valid, nevertheless during the period of redemption Bernard could not acquire any title from Bush adverse to the appellees, his minor children. The purchase, therefore, of Bernard from Bush must be held as tantamount only to a redemption by him of the land from the foreclosure sale for the benefit of the appellees. Even though the court erred in its finding of fact, its declaration of law and conclusion therefrom that Bush acquired no title but that the title was in the appellees, is correct.

2. It is in proof that the Krow and Bernard families lived in the same neighborhood. S. Krow, of the firm of S. Krow & Son, purchased the land from J. D. Bernard, and the appellants acquired title from S. Krow & Son. Ira Krow, one of the appellants, testified that he had known Mrs. Bernard and knew when she died, and had known J. D. Bernard a long time. He knew that the land belonged to Mr. and Mrs. Bernard; that it was bought after they married. They had several young children at the time of Mrs. Bernard's death. At the time they bought the land Judge Nichols was their (appellants') attorney and examined the abstract of title and pronounced it all right. He was a skilled lawyer and appellants relied absolutely on his examination. But this opinion of Judge Nichols, however skilled as an abstracter and learned in his profession he may have been, did not exonerate the appellants from making further and more diligent investigation, if by such investigation the defects in Bernard's title, from whom they claimed, could

have been discovered. A diligent inquiry into the record title of Bernard and an inquiry into the facts and circumstances under which he acquired the record title to the lands would have discovered the defects therein. The appellants deraigned title through him and are bound by the knowledge of the defects in his title which an investigation thereof would have disclosed. See *Gaines* v. *Summers,* 50 Ark. 322-327; *Abbott* v. *Parker,* 103 Ark. 425-429; *Graysonia & Nashville Lbr. Co.* v. *Saline Development Co.,* 118 Ark. 192; *White* v. *Moffett,* 108 Ark. 490; see also *Little Rock Lumber Co.* v. *Rankin,* 107 Ark. 487-493. A dilligent inquiry upon the part of appellants would have discovered that Mrs. Bernard was the owner of these lands at the time of her death; that the same was her homestead; that the children had the right of inheritance and homestead, subject to the incumbrance that she had placed upon it, and that the title that Bernard acquired through the foreclosure sale was only that of a trustee for his children, and at the time of the purchase of S. Krow & Son the right to redeem the land from the foreclosure sale had not expired. His purchase was but tantamount to a redemption of the lands from the foreclosure for their benefit.

To overcome appellants' plea of innocent purchaser, it was only necessary for the appellees to show by a preponderance of the evidence that the appellants had actual knowledge of the defects in Bernard's title, or that they had notice of such facts and circumstances as would put a man of ordinary intelligence and prudence on inquiry which, if diligently pursued, would lead to such knowledge. Such proof could have been made either by positive or circumstantial evidence. *Bland* v. *Fleeman,* 58 Ark. 84; *Staples* v. *Freeman,* 137 Ark. 18-22.

The appellants acquired the lands in controversy as a partnership and not as individuals. The deed under which they claimed conveyed the lands to S. Krow & Son, a firm composed of Ira Krow and Victor F. Neumann, and unto their heirs, assigns and successors for-

ever." This action is against the firm of Krow & Neumann. The knowledge of one partner in a transaction is the knowledge of both. Neumann therefore cannot claim to hold his partnership interest as an innocent purchaser under the plea that he did not have knowledge of the same facts and circumstances connected with the title of Bernard that his partner, Krow, had. See *Cunningham* v. *Woodbridge,* 76 Ga. 302. By analogy see *Palmer* v. *Scott,* 68 Ala. 380.

3. The chancellor was correct in finding in favor of the appellant in the sum of $973.75 with interest at 10 per cent. per annum from the 12th day of August, 1905. That sum represented the original mortgage indebtedness existing against the land at the time of the foreclosure sale, for which the lands of the appellees were liable under the mortgage executed by their mother to Kitchens. But the appellants were not entitled to recover from the appellees the additional sum of $225 which was paid to Bernard as a part of the consideration of the purchase price of the lands, nor were they entitled to the value of the house and lot which was also conveyed to Bernard as a part consideration of the purchase. There is no proof in the record that the appellees received the benefit of the cash which Bernard received, nor the value of the house and lot given in exchange to him as part of the purchase price. In the absence of proof that the appellees received any benefit from this additional purchase money, there is no principle of equity that would bind their estate to refund the same to the appellants as a condition precedent to their right to recover the property which their father sold in violation of his trust and which the appellants afterward acquired, as we have seen, with notice of the trust. Of course, if it had been shown that this money had been used to enhance the value of their estate, the case might be different. *See Holloway* v. *Eagle,* 135 Ark. 206.

4. The appellees are not barred by laches from maintaining this action. The appellee, Fitzhugh, was

still a minor at the time of the institution of this suit, and the right of action in Mrs. Guthrie did not accrue until Lee Bernard, the youngest child, attained his majority. *Smith* v. *Scott,* 92 Ark. 143; *Kessinger* v. *Wilson,* 53 Ark. 400; *Holloway* v. *Eagle, supra.*

The decree of the trial court is in all things correct, and it is therefore affirmed.