STORY *v.* CHEATHAM.

4-9172                                          229 S. W. 2d 121

Opinion delivered April 24, 1950.

*Walter L. Brown, L. B. Smead* and *Henry B. Whitley,* for appellant.

*A. A. Thomason,* for appellee.

MINOR W. MILLWEE, Justice. Appellants are the five children and two minor grandchildren of John Story, deceased. As the sole heirs of said deceased, appellants filed this suit in the Columbia Chancery Court against

Emma Story, widow of John Story, deceased, and the other appellees to cancel certain conveyances between said appellees covering a 175-acre tract of land, and for an accounting of rents and other receipts from certain oil and gas leases on said land.

The complaint filed by appellants alleged the death of John Story and his ownership of the 175-acre tract; that in September, 1939, after the death of John Story, the Citizens Bank of Magnolia instituted proceedings to foreclose a deed of trust executed by John Story and Emma Story in his lifetime; that a decree of foreclosure was entered on September 30, 1940, and the lands sold to said Citizens Bank at the foreclosure sale which was confirmed on January 22, 1941; that while said sale was awaiting confirmation, on January 11, 1941, Emma Story, at the direction of appellees,. A. R. Cheatham and Henry Stevens, executed and delivered the following instruments: (1) a deed of trust to secure $1,000 in notes to Cheatham and Stevens, (2) a deed conveying 1/7 of the royalty from the lands to the Citizens Bank, and (3) a mineral deed conveying ¼ of the minerals in said lands to Cheatham and Stevens; that on January 22, 1941, the Citizens Bank executed its quitclaim deed to the 175-acre tract to Emma Story; that the bank accepted the 1/7 royalty deed from Emma Story and the sum of $170 cash in complete satisfaction of the mortgage debt; that the obligation evidenced by the $1,000 in notes and deed of trust was paid to Cheatham and Stevens by appellants, or some of them, by the proceeds of a portion of the royalty from said land.

It was further alleged: ''That by the above procedure a trust resulted in favor of these plaintiffs as beneficiaries thereof, and the defendants, Henry Stevens and A. R. Cheatham having directed each step, had notice thereof, and the other defendants had knowledge thereof, or by the exercise of reasonable diligence could have had sufficient knowledge thereof to have determined the true ownership of the above lands.

''That Emma Story received no consideration whatever for the execution and delivery of said mineral deed

to A. R. Cheatham and Henry Stevens, and had no title to convey, which was well known to the defendants, or by the exercise of reasonable diligence, the defendants could have known she had no title except dower and homestead; that these plaintiffs received no consideration whatever for the execution and delivery of said mineral deed to Stevens & Cheatham, and derived no benefit whatever therefrom; that said deed is void and is a cloud upon plaintiff's title, and should be cancelled, set aside and held for naught.''

The prayer of the complaint was that the legal title to the lands be divested out of Emma Story and vested in appellants, subject to the dower and homestead rights of the widow; that the mineral deed executed by Emma Story to Cheatham and Stevens together with other deeds subsequently executed be set aside as clouds upon appellants' title; for an accounting and judgment for rentals and other sums received from any oil and gas lease covering said lands.

On September 20, 1949, appellees, Henry Stevens and wife, filed an answer and ''Separate Motion for Judgment upon the Pleadings.'' Other appellees, except Ray Kelley and C. M. Lewis, subsequently adopted the pleadings filed by Henry Stevens and wife. The motion for judgment upon the pleadings asked that the cause be dismissed on the following grounds: '' (a). The confirmation proceedings in the foreclosure sale became *Res Judicata* as to the plaintiffs alleged cause of action herein; (b) The pleadings disclose that the plaintiffs alleged cause is barred by the statutes of limitations applicable in the premises; (c). The alleged cause of plaintiffs herein constitutes a collateral attack upon the foreclosure proceedings and particularly the confirmation of the sale, as reflected by the pleadings in this alleged cause of action.''

On September 28, 1949, the court sustained appellees' motion for judgment on the pleadings, dismissed plaintiffs' complaint for want of equity, but allowed 30 days for additional pleadings. On November 29, 1949, appellants filed a motion to set aside the judgment dismissing

their complaint which was denied on the same date. This appeal is from both the order dismissing appellants' complaint for want of equity and the second order denying their motion to set aside the judgment dismissing their complaint.

The learned chancellor treated the motion for judgment on the pleadings as a demurrer which was sustained and the complaint of appellants dismissed. The only question, therefore, on appeal is whether the complaint stated a cause of action against the appellees. We have frequently held that pleadings under the code are to be liberally construed and every reasonable intendment is to be indulged on behalf of the pleader in determining whether a cause of action is stated. *Geyer* v. *Western Union Telegraph Co.,* 192 Ark. 578, 93 S. W. 2d 660.

The gist of the complaint is that Emma Story, widow of John Story, deceased, under the facts alleged held the bare legal title to the 175-acre tract in controversy as trustee for appellants, and that the transactions alleged amounted to a redemption of the lands from the foreclosure sale for the benefit of appellants as owners of the equitable title. In *Gaines* v. *Saunders,* 50 Ark. 322, 7 S. W. 301, a widow acquired the legal title to her deceased husband's property under facts somewhat similar to those alleged in the instant case and the court held that a trust resulted in favor of the heirs of the husband. The court said: "When Mrs. Saunders acquired the title to the lands in controversy a trust resulted to the heirs of John H. Saunders, deceased, and she held them in trust for the heirs subject to any lien, she may have, on account of money expended in paying off encumbrances, and to any dower and homestead interest she may have in them, and to the payment of the debts against the estate of her intestate; and she continues to hold in that way, so far as the record shows, if the appellants are not entitled to protection as *bona fide* purchasers without notice." See, also, *West et al.* v. *Waddill,* 33 Ark. 575.

In *Krow & Neumann* v. *Bernard,* 152 Ark. 99, 238 S. W. 19, the court held, Headnote (1): "Where land be-

longing to minor heirs was sold under a mortgage executed by their mother, from whom they inherited, a purchase of the land by their father within the period of redemption from the purchaser at the foreclosure sale was tantamount to a redemption by the father for the benefit of such minor heirs."

It is not certain from the allegations in the complaint in the case at bar whether the equity of redemption under the mortgage expired upon confirmation of the sale or prior thereto. In the recent case of *Jermany v. Hartsell*, 214 Ark. 407, 216 S. W. 2d 381, we held that the mortgagor's equity of redemption is not extinguished until confirmation where the foreclosure decree provides that title shall be foreclosed and barred "upon the sale of said lands . . . and confirmation thereof."

As to the plea of limitations set up in the motion for judgment on the pleadings, the situation here is similar to that in *Mortensen v. Ballard*, 209 Ark. 1, 188 S. W. 2d 749, where we said: "It is possible that, under the facts pertaining to the situation here involved, appellant's cause of action, if any he had, is barred by laches, staleness or limitation. But these facts do not appear from the complaint and are matters of defense which must be raised by answer rather than by demurrer." Moreover, two of the appellants are alleged to be minors and their cause of action could not be held to be barred under the Statute (Ark. Stats. 1947, § 37-226).

We cannot agree with appellee's contention that it appears from the face of the pleadings that the instant suit is a collateral attack upon the foreclosure proceedings insofar as the appellees are concerned. While a development of the facts may sustain this conclusion, appellants assert the validity of the foreclosure proceedings and say that they are relying thereon to sustain their cause of action which did not arise until such proceedings had terminated. Nor do the pleadings on their face show that the foreclosure suit involved the same parties and controversy as involved here, so as to constitute a bar to the instant suit under the doctrine of *res judicata*. *Hatch v. Scott, Adm'x*, 210 Ark. 665, 197 S. W. 2d 559,

When the facts stated in the complaint are considered, together with all reasonable inferences to be deduced therefrom, we conclude that a cause of action was stated, and that the trial court erred in sustaining the motion for judgment on the pleadings. The decree is, therefore, reversed and the cause remanded with directions to overrule said motion and for such further proceedings as may be necessary in accordance with the principles of equity.