Howell *v.* Ark. Power & Light Co.

5-756                                    283 S. W. 2d 680

Opinion delivered November 14, 1955.

[Rehearing denied December 5, 1955.]

*Kenneth Coffelt,* for appellant.

*House, Moses & Holmes* and *William M. Clark,* for appellee.

J. Seaborn Holt, Associate Justice.  Appellant, Howell, sued Appellee, Simon, and the Arkansas Power and Light Company for substantial damages for practicing an alleged fraud on Appellant.  Appellee, Company, filed a separate demurrer alleging that the complaint did not state facts sufficient to constitute an action against it.  The trial court sustained this demurrer, Howell refused to plead further and elected to stand on his complaint.  Whereupon the court dismissed his complaint and this appeal followed.

The case is still pending as to Appellee, Simon.  In testing a complaint on demurrer we must assume that

all allegations that are well pleaded, are true. Also our rule is well established that pleadings are to be liberally construed and every reasonable intendment is to be indulged on behalf of the pleader in determining whether a cause of action is stated. *Rice* v. *King,* 214 Ark. 813, 218 S. W. 2d 91; *Story* v. *Cheatham,* 217 Ark. 193, 229 S. W. 2d 121.

Omitting formal parts material allegations in the complaint were in effect that Howell is a licensed real estate broker in Pulaski County. ''In February, 1954, the Real Estate Board cancelled his (Howell's) license, for the reason that plaintiff had split a real estate commission with the defendant, Simon, in connection with the transfer of a block of ground at 9th and Louisiana Streets in Little Rock, Arkansas, to the defendant, Arkansas Power and Light Company.

''In November, 1952, the defendant, Simon, called the plaintiff (Howell) to his office in the Arcade Building, in the City of Little Rock, and held himself out to the plaintiff as a real estate broker, and as a spokesman, with authority, for the defendant, Arkansas Power and Light Company, and advised the plaintiff that they, by working together, could bring about the purchase by the defendant, Arkansas Power and Light Company, of the above described property; that the Arkansas Power and Light Company was interested in the purchasing of said block of ground; that they would buy said block of ground, if the said defendant, Simon, and this plaintiff could arrange for the transfer of good title from each of the individual owners of the various subdivisions of said block of property; that at the time, the plaintiff had listed with him as a real estate broker, for sale a certain portion of said block of ground; that to verify the said statements of the defendant, Simon, to the plaintiff, the defendant, Simon, took the plaintiff to one of the officials of the defendant, Arkansas Power and Light Company, at his office in Little Rock, Mr. C. Hamilton Moses, and said statements of the defendant, Simon, were, in the presence of the defendant, Simon, and Mr. Moses, and

the plaintiff, then and there verified by Mr. Moses, as an official authorized to speak for the defendant, Arkansas Power and Light Company; that pursuant to the said statements of the defendant, Simon, to the plaintiff, and the verification thereof by Mr. Moses . . . The defendant, Simon, and the plaintiff acquired several written contracts in their names, with the various property owners within the block for the sale of their property at certain prices; that all transactions in connection with the acquiring of the block of ground and the subdivisions thereof for the Power Company, were made with the defendant, Simon, and this plaintiff, jointly; . . . was at all times known to the officials of the Arkansas Power and Light Company, and approved by them . . .

"On or about February 5, 1953, by the procedure followed, as hereinabove set forth, the defendant, Arkansas Power and Light Company, acquired title to said block of ground. At that time the defendant, Simon, and the plaintiff were paid a real estate commission fee by the property owners, who conveyed to the defendant, Arkansas Power and Light Company, the sum of approximately $12,500 as brokerage fees, under the real estate brokerage listing contracts made by and between the said property owners and the defendant, Simon, and this plaintiff. The plaintiff and the defendant, Simon, split brokerage fees, dividing approximately on a fifty-fifty basis . . . It was because of the fact that this plaintiff consented to the defendant, Simon, receiving said money that plaintiff's real estate license was cancelled, for the reason that it was discovered thereafter that the defendant, Simon, was not a licensed real estate broker, and thereafter not legally entitled to receive said monies as a real estate brokerage fee, and thereby making the plaintiff's act in consenting thereto an illegal one.

The plaintiff did not know the defendant, Simon, . . . was not a licensed real estate broker until a considerable length of time after the said real estate commissions had been collected, and the money therefrom distributed and divided, as hereinabove set forth, between this plaintiff and the defendant, Simon.

"The plaintiff alleges that the defendant, Simon, practiced fraud on this plaintiff when he held himself out to this plaintiff to be a licensed real estate broker at the time of their first meeting, as hereinabove set forth, and at all times during their associations, as herein alleged, in connection with the herein described real estate operations and transactions. The defendant, Simon, at all times mentioned in this complaint, fraudulently held himself out to be a licensed real estate broker to this plaintiff. The defendant, Simon, was never, at any time, a licensed real estate broker. At all times mentioned in this complaint, and at all times the defendant, Simon, practiced and continued to practice such fraud on this plaintiff, as alleged, he, the defendant, Simon, was acting as an agent for the defendant, Arkansas Power and Light Company. . . . The fraud therefore practiced on this plaintiff, as herein alleged, because of the agency relationship between the defendant, Simon, and the defendant, Arkansas Power and Light Company, as herein set forth, is therefore, and by reason thereof the joint and concurring fraud of both the defendant, Simon, and the defendant, Arkansas Power and Light Company, for which the plaintiff herein is entitled to recover from both of the defendants herein."

We hold that the trial court properly sustained appellee's demurrer. Giving every reasonable intendment to the pleader's allegations in his complaint, we hold that he has failed to allege any facts that would justify an inference that Simon was the agent of the power company with authority to bind it by a misrepresentation to the effect that he, Simon, was a licensed real estate broker. While it is alleged that Simon was acting as a real estate broker it is also alleged that $12,500 in commissions was paid by the property owners (not the power company) to appellant and Simon (one-half to each) "under the real estate brokerage listing contracts made by and between the said property owners and the defendant, Simon, and this plaintiff (Howell)." This statement negatives the existence of a general agency of Simon for the power company and places the burden on

the pleader to allege facts — not conclusions, — sufficient to show that Simon was such an agent that would bind the power company. As indicated, the only allegations of fact are that Simon was acting as a broker to be paid by the property owners, that "he was acting in the scope of his authority given him by the company, for him to try and bring about the transfer of said block of ground from the owners . . . to the Arkansas Power and Light Company, and his said delegated and authorized mission was accomplished as herein alleged." The principles of law in *J. I. Porter Lumber Company* v. *Hill,* 72 Ark. 62, 77 S. W. 905, apply here. We there said: [Headnote 1] "In trespass for cutting timber, an answer to the effect that plaintiff was estopped to recover because his agent stood by and failed to object to the cutting and conversion of the timber is insufficient in failing to allege that such agent had authority to act in the matter." In holding the answer demurrable this court said in *J. I. Porter Lumber Co.* v. *Hill,* 72 Ark. 62, 64, "It is alleged in the answer that one Atwood was an agent of plaintiff, but the answer does not show what kind of an agent he was, nor what his powers were. The mere failure of an agent employed to pay taxes and prevent trespassing upon land to perform his duty could not affect the rights of plaintiff in this action, for an agent with such limited powers has no authority to give the timber of his principal away; and if he could not do so directly by permission or agreement, he certainly could not do so indirectly by acts constituting an estoppel."

The allegation that Simon was acting in the scope of his employment is a conclusion of law, only, and must fall because of lack of factual allegations to support it. It was incumbent on the pleader to allege specifically (which he did not do) that Simon had been authorized by the power company to make the misrepresentation about his license. The judgment is affirmed.

Justices McFADDIN and MILLWEE dissent.