Cook v. Moore.

Opinion delivered March 27, 1922.

1. Mechanics' liens—contractor's right to lien.—Under Crawford and Moses' Dig., § 6906, a contractor has no lien for profits

made by him in repairing the building of another, his right to a lien being limited to materials actually furnished by him or labor actually performed by him in such repair.

2. MECHANICS' LIENS—TIME OF FILING.—Where all of the items of materials furnished by a lumber company in repairing a house were furnished during the progress of the work under a single contract, and its claim was filed under the statute within 90 days after the last item was furnished, its lien attached to the house.

3. MECHANICS' LIENS—PRIORITY.—Under Crawford & Moses' Dig., § 6911, providing that the lien for work and materials furnished shall be preferred to all other incumbrances which may be attached to the property subsequent to the commencement of such building or improvement, *held* that a materialman's lien was superior to the lien of a mortgage executed after the work of repairing a building was commenced, though, before any materials were furnished therefor, the mortgagor borrowed money from the mortgagee and agreed to execute a mortgage on the property.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; reversed in part.

STATEMENT OF FACTS.

John A. Moore filed a suit in the chancery court to enforce a mechanics' lien as principal contractor in the sum of $1,330.75 on a house and certain lots in the city of Forrest City, Ark., belonging to J. M. Gilliam.

The Van Houten Lumber Company also filed a suit in the chancery court to assert a lien on said house and lots in the sum of $204.87 for material furnished and used in remodeling said house.

Mrs. V. Y. Cook filed a separate suit in the chancery court against J. M. Gilliam to foreclose a mortgage on said house and lots given to secure the sum of $4,000 which Mrs. Cook had loaned Gilliam to remodel and repair said house. The causes were consolidated and tried together in the chancery court.

J. M. Gilliam had been cashier of the Planters' Bank in Forrest City, Ark., during the year 1920, and for several years prior thereto. He applied to Mrs. V. Y. Cook of Batesville, Ark., through her brother, W. J. Lanier, for a loan $4,000. Lanier was the intimate friend of Gilliam, and the latter told the former that he intended

to use the money in buying materials and paying a contractor to enlarge and remodel his home in Forrest City.

During the early part of May, 1920, Lanier delivered to Gilliam Mrs. Cook's check for $4,000 drawn on the Planters' Bank, and requested Gilliam to execute a note and mortgage to secure the same at once. Through oversight Gilliam neglected to execute the note and mortgage. In the meantime Gilliam proceeded with the work of repairing his house and used the amount of Mrs. Cook's check in doing the same. Subsequently on July 8, 1920, J. M. Gilliam and wife executed a note in favor of Mrs. V. Y. Cook in the sum of $4,000 and a mortgage on their home and the lots on which it was situated to secure the same. Neither Mrs. Cook nor Lanier knew that the money had already been used for repairing the house or that work had been begun on the house at the time the note and mortgage in question were executed.

According to the testimony of J. M. Gilliam, he entered into a contract with John A. Moore to repair and remodel his home. The work was begun on May 12, 1920, and completed in eight weeks. Gilliam was confined to his house during the months of October and November, 1920, on account of a sore foot, and says that no repair work was done on the house during those months.

Mrs. Louise G. Gilliam corroborated the testimony of her husband. According to her testimony, the tiling on one hearth was changed from red to gray because the red tiling was irregular and defective when it was laid.

According to the testimony of John A. Moore, he began work on the house on May 15, 1920, by tearing out the porches and old rooms, and continued to work on the house at intervals until November 4, 1920, when the work was finally completed. It was agreed that he should be paid on the basis of eight per cent. commission on the entire cost of work done, labor performed and materials furnished. According to the testimony of Moore, there remained due him on the whole work

$1,330.75. On November 4, 1920, some screen wire was put over the gable ventilators, and this was the last work done on the house. A part of the painting was done during the month of October. The screen wire that was put over the gable ventilators was bought by Moore from the Van Houten Lumber Company for the purpose of being placed over them. Moore filed his mechanics' lien under the statute of January 12, 1921. The mechanics' lien on the Van Houten Lumber Company was filed under the statute on January 14, 1921. An itemized account of the materials furnished by it and used in remodeling and repairing the house was also exhibited and proved in evidence by the Van Houten Lumber Company. The last item filed by it was the screen wire used on the gable ventilators, and this item was furnished on November 4, 1920. No part of the $4,000 borrowed by Gilliam from Mrs. Cook has been paid.

Other testimony will be stated or referred to in the opinion.

Judgment was rendered in favor of the parties for the sums respectively due them, and a lien was declared in favor of John A. Moore and the Van Houten Lumber Company which was superior to the mortgage lien of Mrs. V. Y. Cook.

The decree provided for a sale of the property with directions to apply the proceeds first to the satisfaction of the mechanics' liens of John A. Moore and of the Van Houten Lumber Company, and the remainder to the satisfaction of the mortgage of Mrs. V. Y. Cook.

To reverse that decree, Mrs. Cook has duly prosecuted an appeal to this court.

*W. J. Lanier,* for appellants.

The account filed by Moore did not comply with the statute. Kirby's Digest, sec. 4970; 102 Ark. 541.

Materials furnished must be used and become a part of the building, before a lien can be acquired. 84 Ark. 560; 99 Ark. 293. Liens are creatures of the statute, and must be perfected and enforced according to its pro-

visions. 114 Ark. 1; 117 Ark. 626. The lien must be filed within ninety days after the last delivery. 119 Ark. 461; 119 Ark. 43; 115 Ark. 320; C. & M. Digest, sec. 6922; 32 Ark. 59.

Plaintiff Moore was only entitled to a lien for work and labor actually performed by him. 23 Ark. 327; 27 Ark. 564; 43 Ark. 168; 50 Ark. 244; 69 Ark. 23; 71 Ark. 334; C. & M. Dig., sec. 6848; 32 Ark. 68; 12 Cyc. 1610; 27 Cyc. 83; 18 R. C. L. 910.

*C. W. Norton*, for appellees.

The contractor's and materialman's liens date from the beginning of the contract. C. & M. Dig., § 6911; 56 Ark. 608.

The deed of trust under which appellant claims became a lien at the time of filing same. Sec. 7381, C. & M. Digest.

This case is not within sec. 6909, but is within sec. 6911, of C. & M. Digest.

The contractor is entitled to his lien, not only for his own labor, but for the labor of those under him. 99 Ark. 293; 27 Cyc. 84.

Hart, J. (after stating the facts). The chancery court erred in holding that John A. Moore had a mechanics' lien for $1,330.75. According to his own testimony, he made a contract to repair Gilliam's house on a basis of eight per cent. commission on the entire cost of the labor performed and materials furnished. So far as the record discloses, nearly all of the amount claimed by Moore represents the profits made by him in repairing the house and the amounts paid by him to laborers and mechanics for working on it.

Therefore, he had no lien under the statute. The court had the precise question before it so far as the repair or construction of railroads is concerned in *Little Rock, Hot Springs & Texas Railway Company* v. *Spencer*, 65 Ark. 183. The statute in that case provided that "every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work or labor

upon, or furnish any materials, machinery, fixtures or other thing toward the equipment, or to facilitate the operation of any railroad, shall have a lien therefor upon the roadbed," etc. It was held that a contractor who furnished the labor and appliances to build the roadbed and paid for the same, but did not personally labor or work upon said roadbed, was not entitled to a lien thereon.

Sec. 6906 of Crawford & Moses' Digest provides in substance that "every mechanic, builder, artisan, workman, laborer, or other person, who shall do or perform any work upon, or furnish any material, fixtures," etc., for any building, erection, improvement upon land, etc., shall have for his work or labor done, or materials furnished, a lien upon such building, erection or improvement, etc.

It will be observed that the same classes of laborers and mechanics are mentioned in each statute, and, if the court should hold in the case of railroads that the statute only gives a summary remedy for the enforcement of mechanics' and laborers' liens upon the property in question when the debt is due for the labor actually performed by them and the materials furnished by them, there seems to be no good reason for holding otherwise in the case of the construction of a building or other improvement of that character. In other words, if the contractor who undertakes by contract with the owner to construct a railroad does not come within the letter or spirit of the act or within any of the classes enumerated therein, for like reason such contractor should not be held entitled to a lien for erecting a building except for materials furnished by and labor actually performed by himself.

In the one case the court has already held that where the contractor did not labor as a mechanic, but superintended work done by others, or paid for the same, he is not entitled to a lien. It seems then that the object of the statute is not to secure the contractor, who can take care of himself in his contract with the owner, but those

who may suffer loss by confiding in the contractor, and who do not stand in any contractual relation with the owner.

The aim and policy of the act in each case seems to have been to protect the mechanics, laborers, and materialmen from being defrauded by insolvent owners and dishonest contractors. This, too, was the effect of our decision in *Royal Theater Company* v. *Collins*, 102 Ark. 539, where it was held that a contractor had no lien under the statute for profits made by him in erecting the building. The court said that the statute only gives the contractor a lien for work done by him or materials furnished by him.

It follows that the court erred in holding that John A. Moore had a mechanics' lien superior to the mortgage of Mrs. Cook. As we have already seen, he could only have a lien prior to that of Mrs. Cook's mortgage lien for materials actually furnished by him and labor actually performed by him in the repair of the building.

This brings us to the question of whether or not the Van Houten Lumber Company had the lien claimed by it. According to the testimony of its employees and of John A. Moore, the Van Houten Lumber Company had a contract to furnish materials to be used in the repair of Gilliam's house. Pursuant to the contract, the company did furnish materials from time to time which were used in repairing the house. The last item was furnished on the 4th day of November, 1920. The contract was an indivisible one, and the lien was filed within ninety days after the last item was furnished.

It is true that the evidence for the Van Houten Lumber Company was contradicted by that offered in behalf of Mrs. Cook; but the chancellor found this issue of fact in favor of the materialman, and we cannot say that the finding is against the preponderance of the evidence. All of the items were furnished during the progress of the work done under a single contract, and the claim was filed

under the statute within ninety days after the last item was furnished. Hence the lien attached. *Hill* v. *Imboden,* 146 Ark. 99.

Again, it is claimed that the money was borrowed from Mrs. Cook and an agreement made with her to execute a mortgage on the property in question to secure the same before the materials were furnished. This does not make any difference. Sec. 6911 of Crawford & Moses' Digest provides that the lien for work and materials furnished shall be preferred to all other incumbrances which may be attached to the property subsequent to the commencement of such building or improvement.

The Van Houten Lumber Company made the contract to furnish supplies to be used in the building and did furnish the greater part of them before the mortgage to Mrs. Cook was executed. Its lien was perfected in accordance with the terms of the statute, and it was prior to the lien acquired by Mrs. Cook. She did not acquire any lien until her mortgage was filed for record on the 8th day of July, 1920. *O'Neil* v. *Lyric Amusement Co.,* 119 Ark. 455.

The decree in favor of John A. Moore will be reversed and the cause remanded with directions to the chancellor to hold that he has no lien on the property in question under the statute, except for materials actually furnished by him and labor performed by him in the repair of the house. The decree in favor of the Van Houten Lumber Company is affirmed.