IMBODEN v. CITIZENS' BANK.

Opinion delivered April 21, 1924.

MORTGAGES—PRIORITY OF MECHANICS' LIEN.—Under Crawford & Moses' Dig., § 6909, a mechanic's or materialman's lien is superior to a prior mortgage only on a separate building constructed with the labor and material furnished, or such addition as is separable from the original building, without injury thereto.

Appeal from Conway Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

*Strait & Strait*, for appellant.

McCULLOCH, C. J. C. C. Harris was the owner of real estate in the city of Morrilton, on which was situated a residence, and appellant, J. H. Imboden, furnished to him building material to be used in the repair and extension, or enlargement, of the dwelling-house. Appellant

filed his lien in accordance with the statute, claiming a balance in the sum of $1,000, the price of the material furnished, and on April 23, 1921, instituted an action in the chancery court of Conway County against Harris and wife to enforce his lien. There was a decree in favor of appellant against Harris for the recovery of the amount of his debt claimed and for enforcement of the same as a lien for material furnished. The property (the lots and building) was ordered sold by a commissioner appointed by the court, and the sale was advertised, but, before the date of the sale, the Georgia State Savings Association, a foreign corporation, instituted an action in the chancery court for the purpose of foreclosing a mortgage on the property, and a temporary restraining order was issued against appellant, staying further proceedings under the former decree. Appellant was made defendant in that action, and also appellee Citizens' Bank was made party as a junior lienor.

Harris and wife mortgaged the property in question to the Georgia State Savings Association in the year 1918, and later executed a second mortgage to the Citizens' Bank. Both of these mortgages were in force at the time appellant furnished the material to Harris, and are still in force, none of the debts having been paid by Harris.

The Citizens' Bank appeared and filed its cross-complaint, asking for a foreclosure of its mortgage, subject only to the prior mortgage of the Georgia State Savings Association. Appellant filed his plea in the nature of a cross-complaint, asking that, in the event the court decided that the respective liens of the Georgia State Savings Association and the Citizens' Bank were prior to his lien on the land, his lien be declared superior on the building.

The cause proceeded to a hearing on the pleadings and proof, and the court rendered a final decree declaring the respective mortgage liens of the Georgia State Savings Association and the Citizens' Bank to be supe-

rior, in the order named, to the lien of appellant on the building as well as on the land.

It seems to be conceded on all sides that the property is not of sufficient value to discharge all of the liens.

Appellant concedes that the respective liens of the two mortgages are superior to his so far as the land is concerned, but he insists that his lien is superior on the building, and should be enforced under the statute, which reads as follows:

"Section 6909. The liens for the things aforesaid, or work, shall attach to the buildings, erections or other improvements, for which they were furnished or work was done, in preference to any prior lien or incumbrance or mortgage existing upon said land before said buildings, erections, improvements, or machinery were erected or put thereon, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter; (a), provided, however, that in all cases where said prior lien or incumbrance or mortgage was given or executed for the purpose of raising money or funds with which to make such erections, improvements or buildings, then said lien shall be prior to the lien given by this act." Crawford & Moses' Digest.

"Section 6911. The lien for work and materials as aforesaid shall be preferred to all other incumbrances which may be attached to or upon such building, bridges, boats or vessels or other improvements, on the ground, or either of them, subsequent to the commencement of such buildings or improvements." *Id.*

The character of the added improvement constituted an extension or enlargement of the building on the mortgaged property, and the proof is conflicting as to whether or not it constituted a real betterment so as to enhance its value. It is clear from the proof that the building is not separate from the original building so as to constitute a distinct improvement which is separable from the

original building. Appellant's claim of priority therefore calls for a construction of the statute quoted above.

Our construction of the statute is that, as between the lien of a mechanic or the furnisher of material and the lien of a prior mortgage, the lien of the former is superior only upon a separate building constructed on the land with the labor and material furnished, or to such an addition as is separable from the original building. In other words, in order to give a lien to a mechanic or furnisher of material superior to a prior mortgage, the improvement must be separate from the original improvement, or, if connected in any way with the original improvement, it must be so connected as to be removable without injury to the original building. Under the statute the lien of a mechanic or furnisher of material is not superior to a prior mortgage on the entire improved building, nor even to the extent of the betterment accruing from the repair, extension or enlargement of the original building. It is clear that there was no intention on the part of the lawmakers to attempt to impair the obligation of a prior mortgage or the remedy of the mortgagee. On the contrary, the purpose is clear to give a subsequent lienor a distinct remedy for an independent improvement, or what amounts to an independent and separable improvement. The only remedy conferred by the statute in such an instance is to give the subsequent lienor the right to have "such building, erection or improvement sold under execution," and to give the purchaser the right to remove the building within a reasonable time. The statute confers no joint lien between incumbrances prior and subsequent in point of time, but merely gives separate and distinct liens where an independent improvement is erected on previously incumbered property. The Supreme Court of Alabama, in the case of *Wimberly* v. *Mayberry,* 94 Ala. 240, construed a statute of that State very similar to our statute as giving a statutory lien in favor of a mechanic or furnisher of material to the extent of the betterment, in value or price, to the original building. The theory adopted by the court

in the construction of the statute was that, in enforcing the respective liens and in determining the priorities, a court of equity should determine the value of the land and buildings thereon prior to the furnishing of the labor or material for which the new lien is claimed, and then determine the amount of additional value given to the property by the labor or material, and, when the property is sold, distribute the proceeds of the sale in that ratio, giving the first lien priority to the extent of the proportionate original value and giving the subsequent lien priority to the extent proportionate to the betterment. The Alabama court adopted this theory as an equitable remedy to be worked out under the statute— not asserting that the statute itself gave that remedy. The Alabama court is not sustained in its conclusion by the decisions of any other courts, so far as we can ascertain. In Illinois and Virginia there are statutes which expressly give the right to a junior lienor to a superior lien on the betterment, the same as the Alabama court worked out under the statute of that State, and, of course, the courts of those States, in enforcing the lien on the betterment, merely carried out the terms of the statute. *Croskey* v. *Northwestern Mfg. Co.*, 40 Ill. 481; *Fidelity Loan & Trust Co.* v. *Dennis,* 93 Va. 504. Statutes similar to our own and the Alabama statute in the States of Iowa and Missouri have been given the same interpretation which we now give to our statute, and contrary to the construction given by the Alabama court. *Getchell* v. *Allen,* 34 Iowa 559; *Crandall* v. *Cooper,* 62 Mo. 478. In the opinion by Judge MITCHELL, in the case of *Meyer* v. *Berlandi,* 39 Minn. 438, the Supreme Court of Minnesota declared a statute to be unconstitutional which attempted to give to a mechanic or furnisher of material a superior lien on a building situated on previously mortgaged property, but the entire trend of the opinion is against the views expressed by the Alabama court. The Minnesota statute went further than our statute does, but it is clear from the language of the opinion cited above that, if the statute had been identical with our stat-

ute, the construction would have been the same which we have now reached with respect to it. There was no attempt in the present case to show that there was a separate removable improvement, but the effort of appellant was, and is, to obtain a superior lien on the original building as enlarged and improved with the materials furnished.

We think that the chancery court reached the correct conclusion in declaring the mortgage lien of appellees superior as to the building as well as the land. The decree is therefore affirmed.