BARTON LUMBER & BRICK COMPANY *v*. CARAWAY.

Opinion delivered January 28, 1929.

*Caraway, Baker & Gautney,* for appellant.

*Smith & Blackford,* for appellee.

McHANEY, J. This is a suit by appellant to enforce a mechanic's lien for $618.30 on the building and improvements located on land described in the complaint against appellees, E. A. Caraway and wife, and Mrs. Bell Townsend. Caraway was the owner of the land. The Federal Land Bank, not a party to this suit, held a first mortgage, and Mrs. Townsend a second mortgage. A house insured for $600 was destroyed by fire, and that sum was paid to the Federal Land Bank and by it turned over to Caraway to erect a new house. He bought the material from appellant for the new house, and filed an answer to this suit, admitting that he purchased the material therefor from appellant, and that the balance due as claimed was correct.

There was a decree for appellant against Caraway and wife, but the court refused to declare and enforce a lien on the improvements.

No lien was sought upon the land, and correctly so, for both mortgages were filed prior to the furnishing of material. Only a lien on the new building or dwelling house was claimed, and it was superior to the second mortgage of appellee, Mrs. Bell Townsend, by virtue of

§ 6909, C. & M. Digest. Her mortgage lien covered the land and improvements at the time the mortgage was filed, but, when the dwelling house was destroyed by fire, her security was decreased by the value of the house. The erection of a new house thereafter would have been additional security had it been paid for. But the erection of a new house entitled the material furnisher to a mechanic's lien superior to the mortgage, in so far as the house was concerned, but not as against the land. See *Judd* v. *Rieff,* 174 Ark. 362, 295 S. W. 370, where it was held that a mechanic's lien for material furnished to build a garage was superior to a vendor's lien in so far as the garage is concerned. This court there said:

"In *Imboden* v. *Citizens' Bank,* 163 Ark. 615, 260 S. W. 734, we held that, under § 6909, *supra,* a mechanic's or materialman's lien is superior to a prior mortgage only on a separate building constructed with the labor and material furnished or such addition as is separable from the original building, without injury thereto. And in *Gunter* v. *Ludlam, supra,* we held that § 6911 of C. & M. Digest 'gives priority to liens for labor or material only against other incumbrances created after the commencement of the improvement, and in effect subordinates the lien to prior incumbrances by way of mortgage or otherwise.' "

It makes no difference, so far as Mrs. Townsend is concerned, that the house was burned and the insurance money used in part to erect a new house. She is in the same position she would have been had there never been a house on the property prior to the erection of the new one. The Federal Land Bank is not a party, and no priority is claimed as to it.

The court erred in not decreeing a lien on the building for the material bill. Reversed, and remanded with directions to enter a decree in accordance with this opinion.