STREULI *v.* WALLIN-DICKEY & RICH LUMBER CO.

5-1290                                        302 S. W. 2d 522

Opinion delivered May 27, 1957.

*Mann & McCulloch,* for appellant.

*J. H. Spears,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal involves only the question as to whether appellee, Wallin-Dickey & Rich Lumber Company, is entitled to a materialman's lien in the amount of $1,571.52 against the real estate on which appellants, Ruby B. Streuli and R. A. Streuli have a motel and restaurant.[1]

Disregarding earlier purchases, which have no bearing on this appeal, the Streuli's began a round of construction on June 17, 1953. Construction continued fairly regularly thereafter with items being furnished until February 16, 1954. The record reflects that no items were furnished Mrs. Streuli[2] after February 16, 1954, until December 13, 1954, and the last item charged to appellants was under date of January 26, 1955. The amount due appellee for materials furnished prior to December 13th was $1,545.33. Appellants contend, and so contended before the trial court, that for appellee to be entitled to a lien for this amount, same should have been filed within 90 days from February 16, 1954. The lien was filed on April 6, 1955. Appellee has consistently contended that the lien filed relates back and covers all of the materials furnished. At the conclusion of the trial, the Chancellor granted appellee judgment for $1,571.52, and impressed a lien on certain real estate upon which the aforementioned buildings are located. From such action of the court, in declaring the judgment a lien, comes this appeal.

Section 51-613 of Ark. Stats. (1947) Anno. provides as follows:

"It shall be the duty of every person who wishes to avail himself of this act to file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety (90) days after the things aforesaid shall have been furnished or the work or labor done or performed, a just and true account of

_____

[1] Other issues were raised by the pleadings in the trial court and acted upon, but are not here on appeal.

[2] The transactions between appellants and appellees were handled by Mrs. Streuli.

the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit." .

Under our decisions, there appear to be two exceptions to the above statutory requirement. The first exception is where the items were furnished under a definite contract between the parties, and the second exception is where the items were furnished under a "running" or open account, in which there was no specific contract between the parties, but under circumstances in which this court held the statute not to apply. The first exception applies to cases where the owner and materialman contract for the materialman to furnish material for the construction of a particular structure. Perhaps items are furnished over a considerable period of time, and the lien is not filed until the last are furnished. We have uniformly held that if the last items furnished are a part of the original contract, the materialman may wait until the last is delivered before filing his lien, and in such case, the lien will relate back and cover all items furnished from the beginning. *Planters Cotton Oil Co.* v. *Galloway,* 170 Ark. 712, 280 S. W. 999. In the instant cause, it is admitted there was no contract between the lumber company and the Streulis. Appellee's case therefore must come within the second exception, and it (appellee) relies largely upon *Kizer Lumber Co.* v. *Mosely,* 56 Ark. 544, 20 S. W. 409. There, materials were furnished on nine different days . . . March 11th, 23rd, 24th, 28th, April 1st, 4th, 7th, and 14th, and May 4th, and the account to secure a lien was filed with the clerk of the court on July 8th. The amount claimed was $184.10, though only $21.26 was due for lumber furnished within 90 days before the filing of the account. Quoting from the Opinion:

"* * * When the defendant purchased of the plaintiffs the first lot of lumber, he made no contract to buy any other material, *but said to them that he might need more.* He did need it, and called upon them from time to time to furnish the same, which they did, and

---

* Emphasis supplied.

charged it to him on account. *It was furnished at short intervals,*\* and it seems, was appropriate to the progress of his house, and he used it in building the same. The presumption is, it was furnished under one contract; and the amounts due for the same should be treated as one demand. The consequence is, the time for filing the account for all the materials furnished commenced running from the date of the last item of the same, and plaintiffs have a lien for the whole of it.   \*   \*   \*''

The rule was further stated by the Court in the following language:

"\*   \*   \*   If, however, he began to furnish 'without any specific agreement as to the amount to be furnished,' or the time within which they were to be furnished, and there was a *'reasonable expectation that further material' would 'be required of him',*\* and he was 'afterwards called upon from time to time to furnish the same,' he should file it within ninety days after the last item was delivered.   \*   \*   \*''

In the cause presently before us, the record does not reflect that at the time of the last purchase in February, 1954, anything was said by Mrs. Streuli to the effect that she might need more materials. Nor does the record reflect that there was a "reasonable expectation that further materials" would be required. It might be added that 10 months would hardly constitute a "short interval," but the first points control the litigation.

The evidence in this cause, as introduced by appellee, only reflects that Wallin-Dickey & Rich Lumber Company sold the materials and delivered them to appellants. Mrs. Streuli testified that the materials were used in various improvements of the premises. *The evidence in nowise reflects that these last improvements were contemplated either at the time of the original purchase, or on February 16, 1954, when the purchases ceased until the following December.*

---

\* Emphasis supplied.

To hold that appellee is entitled to a lien from the evidence before us, would have the same effect as saying that an individual can obtain his materials, build a house, complete same as he had planned, fail to pay the materialman, and, after a long number of months, or perhaps years, deciding that he wants to add a room, purchase material from the same materialman, again fail to pay, and the materialman is then entitled to file his lien, not only for the last material furnished, but for all that furnished in the original construction of the house. Such a holding would extend the recognized exceptions much farther than our present cases allow.

Summarizing, the burden was on appellee to either prove compliance with the statute or that it was entitled to its lien under the exceptions heretofore set out. This burden of proof has not been met except as to $26.19, which covers the balance due on materials bought from December 13, 1954, through January 26, 1955, and which purchases accordingly were made within 90 days of the filing of the lien. This item is not disputed by appellants, who have tendered said amount with interest. Under the conclusions reached, the question as to the priority of liens, involving the mortgage holder, Woods, becomes moot.

The cause is accordingly reversed and dismissed.