PAGE *v.* JOHN E. BRYANT & SONS LUMBER CO.

5-2156                                    335 S. W. 2d 809

Opinion delivered June 6, 1960.

314

*Charles F. Cole,* for appellant.

*Murphy & Arnold,* for appellee.

CARLETON HARRIS, Chief Justice.   This appeal involves the question of priority of liens.   Vernon Page and Geraline Page, his wife, were the owners of a tract of land near Batesville.   On June 13, 1958, the Pages gave a deed of trust to D. C. Davis to secure a loan of $4,000, and such trust deed was filed for record in Independence County the next day.   Appellees, John E. Bryant & Sons Lumber Company, Inc., furnished materials used in repairing a structure on these lands.   An alleged portion of the materials was furnished between July 1, 1957, and August 7, 1957, but no lien was filed as to these materials within 90 days after being furnished; the balance of the materials was furnished between June 24, 1958, and November 7, 1958, in the amount of $411.93, and a lien claim, as provided by statute, was filed within the statutory period.   The parties entered into a stipulation providing, *inter alia,* that all the materials purchased subsequent to June 24, 1958, were furnished and used in the remodeling of an existing house on the property involved.

T. D. Penn, d/b/a Penn Plumbing and Electric Company, furnished materials and labor for Page in the amount of $618.22 between October 8, 1958, and November 10, 1958, and filed his claim for lien within the proper period.   Complaint was instituted by appellees seeking judgment in the amounts mentioned, praying that a lien be declared on the Page property herein involved to secure the payment of the judgments, and asking that such lien be declared superior to the claim of Davis.   The Pages and Davis separately answered, denying the allegations of the complaint, the Pages denying that ap-

pellees were entitled to a lien on the property, and Davis praying that his lien be declared superior to the lien of appellees. Upon hearing, the court made the following findings:

"2. That the plaintiff Bryant is entitled to judgment against Vernon H. Page and Geraline Page, his wife, for the sum of $411.93, with interest at the rate of 6% per annum from January 1, 1959, in a sum of $22.50, or a total of $434.43; that plaintiff Penn is entitled to judgment against Vernon H. Page and Geraline Page, his wife, for the sum of $618.22, plus interest at the rate of 6% per annum from January 20, 1959, in the sum of $31.93, or a total of $650.15.

3. That Penn is entitled and is hereby granted a mechanic's lien for the sum of $650.15 on Lot 7, Vernon Page Sub-division, being a part of the North Half of the Northeast Quarter of Section 33, Township 13 North, Range six West, as shown by survey recorded in Deed Book D-7, page 171-173 of the records of Independence County, Arkansas, and that said lien is superior to the lien of D. C. Davis, except that the lien of Penn as between D. C. Davis and Penn extends only to the improvements on said lands and not to the lands proper.

4. That Bryant is entitled to and is hereby granted a lien in the sum of $427.70 on said lands described in paragraph 3 above, it being found by the court that the lien claim for the items furnished from July 1, 1957, to August 7, 1957, in the amount of $76.23, is disallowed but that payments in the aggregate sum of $69.50 should be applied to these items, so the net effect is to disallow lien in the sum of only $6.73; that the lien of $427.70 is superior to the lien of D. C. Davis, except that the lien of Bryant as between Bryant and Davis extends only to the improvements on said lands and not to the lands proper.

5. That the liens of Bryant and Penn are on a parity with each other and the amount of the lien of D. C. Davis is determined to be $3,100.00 as of the date of the trial, December 1, 1959."

Judgment was entered in accordance with these findings, and from such decree, appellant[1] brings this appeal. Appellees cross-appeal from that portion of the decree which denied a lien for the material furnished in 1957. It therefore appears that there are only two issues in this litigation. The paramount issue is whether the materialman's and mechanic's liens of the appellees are superior to the lien of the deed of trust held by Davis, and the second issue is whether the Chancellor properly disallowed the claim of the lumber company for a lien because of material furnished in 1957. These issues can be resolved in a more orderly manner by considering the cross-appeal first.

Appellees' proof consisted of the testimony of Donnie Bryant, an official in charge of sales for the lumber company, and the testimony of Archie Adkerson, deliveryman for Bryant. Bryant testified that Page had been a good customer for several years, and that one day the latter advised him that he (Page) had bought a house, and was going to move it to one of his back lots behind the residence, and remodel same. Bryant stated, that after using about $80 worth of material, Page told him that he had ''run out of money'', and the owner quit working on the house. According to the witness, some months after that, (over 10 months) Page returned to the office, wanted further material, stated that he (Page) was going to apply for a loan, and assured Bryant ''as soon as we get the house completed, why we'll have the money to pay you all of it off.'' Further material was then sold. Bryant stated that materials were only furnished Page for remodeling of the house that had been moved on the lot beyond the Page residence. On cross-examination, however, the witness admitted that Page might have purchased materials for other improvements, ''but it if was, it was a cash sale.'' Adkerson testified that he delivered the materials purchased by Page during the summer of 1957, and identified the house

---

[1] D. C. Davis died on December 31, 1959, and the cause was revived in the name of Gertrude E. Davis, Administratrix of the estate of D. C. Davis, deceased.

as the same involved in the delivery of additional building materials in the summer of 1958. The driver stated that he took material to only one place, and that he actually saw some of the sheetrock nailed up by carpenters who were present, though he was unable to identify any of the workers. The witness testified that the house had a blue hex roof on it at the time of the deliveries; however, he admitted that he also delivered shingles of this color and type in 1958. Contrary to this evidence, Page, and his father, C. H. Page, testified that all of the items purchased in 1957 were used in the beauty shop, operated by the younger Page's wife, and that all of the work was performed by the father, son, and a brother-in-law. According to the testimony of the younger Page, this shop was located on lot No. 2, whereas the house, which had been moved onto his premises, was located on lot No. 7. Vernon Page also testified that no improvements were made on the house in question in the summer of 1957, except for a hardwood floor that was laid from flooring which had been left over when his residence was completed. Both men testified that the house did not have a blue hex shingle roof on it in 1957, but instead, had a sheet iron roof. D. C. Davis testified that, at the time he took the mortgage (June 13, 1958), he looked at the house, but saw no evidence of any recent work having been done. "I knew the house before it was moved, and it looked to me just like it did." He further testified that the Pages had worked on the beauty parlor some time prior to his lending the money. In *Sebastian Building & Loan Association* v. *Minten,* 181 Ark. 700, 27 S. W. 2d 1011 (1930), this Court stated:

"A delivery of material upon the ground where the building is to be constructed is furnishing material within the meaning of the statute, and proof of such fact by the materialman makes a *prima facie* case in his favor. The owner or other party interested may show that the material was not used in the construction of the building, in order to defeat the lien for the material thus furnished."

Cases are then cited in support of this statement. In accordance with the rule, so stated, we are unable to say that this finding was against the preponderance of the evidence. Were it otherwise, appellee still could not prevail, for the lien was not filed within 90 days, and the facts in this case do not bring the account within one of the exceptions to the statutory requirement. See *Streuli* v. *Wallin-Dickey & Rich Lumber Co.,* 227 Ark. 885, 302 S. W. 2d 522.

The more important question is that of the priority of the appellees' liens and the lien of the appellant mortgagee, Davis. Appellees argue that the evidence shows that the mortgage was given for construction, and the failure to so provide within the terms of the instrument causes the situation to come within the rule in *Jack Collier East Company* v. *Barton,* 228 Ark. 300, 307 S. W. 2d 863 (1957). In that case we held that before a construction money mortgage becomes superior to a mechanic's lien, the purpose for which the money is advanced must be shown in the mortgage instrument as recorded.

We do not agree that the preponderance of the evidence shows the deed of trust to have been given for construction purposes. Page stated that the $4,300 received from Davis was used to pay off a previous existing mortgage on the property to a Mr. John Polk. Page subsequently stated, ''Mr. Davis knew what the money was to be used for. The amount must be used for construction.'' This statement by Page and the aforementioned testimony by Bryant constitutes the only evidence in the record which refers in any way to construction. Just what Page meant by this statement that ''the amount must be used for construction'' is not shown, though the record reflects that he had engaged in several construction projects. Nor is it clear what Page meant by use of the term ''construction'', *i.e.,* whether he was using it in its literal sense, or as a general term which would include repairs or remodeling on existing property. Page, however, did positively state that the money

was used to pay Polk's mortgage, and it is undisputed, and in fact, stipulated, that the materials were used and labor performed on an already existing house on the land. In the case of *Imboden* v. *Citizens Bank,* 163 Ark. 615, 260 S. W. 734 (1924), the trial court held a mortgage lien to be superior to a mechanic's and materialman's lien. In affirming the decree, this Court said:

"It is clear from the proof that the building is not separate from the original building so as to constitute a distinct improvement which is separable from the original building. Appellant's claim of priority therefore calls for a construction of the statute quoted above.

Our construction of the statute is that, as between the lien of a mechanic or the furnisher of material and the lien of a prior mortgage, the lien of the former is superior only upon a separate building constructed on the land with the labor and material furnished, or to such an addition as is separable from the original building. In other words, in order to give a lien to a mechanic or furnisher of material superior to a prior mortgage, the improvement must be separate from the original improvement, or, if connected in any way with the original improvement, it must be so connected as to be removable without injury to the original building. Under the statute the lien of a mechanic or furnisher of material is not superior to a prior mortgage on the entire improved building, nor even to the extent of the betterment accruing from the repair, extension or enlargement of the original building. It is clear that there was no intention on the part of the lawmakers to attempt to impair the obligation of a prior mortgage or the remedy of the mortgagee. On the contrary, the purpose is clear to give a subsequent lienor a distinct remedy for an independent improvement, or what amounts to an independent and separable improvement."

In *Morrilton Lumber Company* v. *Groom,* 176 Ark. 520, 3 S. W. 2d 293 (1928):

"According to our former decisions, if a new building had been erected entirely out of materials furnished

320

by the plaintiff, its lien might have been enforced against such building, and the purchaser would have had the right to remove it from the lots in a reasonable time, notwithstanding there was a prior mortgage on the lots. The lien can be enforced as prior lien only by a sale of the building as a separate and distinct entity from the land. Such priority of lien exists only when a new building has been put upon the land subsequent to the execution of the mortgage, and the one claiming a prior lien for materials furnished must have furnished the materials for the erection of an entirely new building.  *  *  *''

Since the evidence does not establish that the money was obtained from Davis for construction purposes, and the deed of trust was filed for record prior to the date the materials, used on the house, were furnished, it necessarily follows that the Chancellor erred in holding the materialman's and mechanic's liens to be paramount to the lien under the deed of trust. The decree is therefore reversed, and the cause remanded, with directions to hold the Davis lien superior to the liens of appellees.

WARD, J., concurs.