PHELPS-POWELL BUILDING SUPPLY CO., INC. *v.*
SILVER DOLLAR HOMES, INC., ET AL

5-4019                                        407 S. W. 2d 925

Opinion delivered November 14, 1966

*Greenhaw & Greenhaw* and *Bob Scott,* for appellant.

*Little & Enfield* and *Eli Leflar,* for appellee.

GUY AMSLER, Justice. Appellant Phelps-Powell
Building Supply Company, Inc. (herein called Supply
Co.) owns and operates a lumberyard and building ma-
terials supply business in Rogers, Arkansas. One of the
appellees, Silver Dollar Homes, Inc., (called Homes) is
a general contractor which for several years prior to
this litigation purchased building materials from appel-
lant.

Beginning May 19, 1964, and ending September 30,
1964, Supply Co. sold Homes, on an open account, ma-
terials having a value of $4,708.14 to be used in the con-
struction of a condominium apartment in the city of
Rogers, Arkansas.

According to the allegations contained in the first
amendment to Supply Co.'s complaint sometime after
September 30th Supply Co. assumed that construction

on the apartments was completed and made inquiry of Homes as to when payment of the account might be expected. The President of Homes agreed verbally with Supply Co. to transfer to it what was known as the "Buckelew Property" located across the street from the condominium apartments in satisfaction of several delinquent accounts including the one for material used in the apartment building.

On January 23, 1965, Homes wrote Supply Co. that its attorney would prepare the conveyance that day and transfer of the "Buckelew Property" would be consummated when the deed was ready. According to its amended complaint, Supply Co. relied upon this agreement and did not file its lien against the condominium apartments within one hundred twenty days from the purchase on September 30th. Fraudulent conduct on the part of the president of Homes is claimed.

On April 15, 1964, Homes deeded the property upon which the condominium was to be constructed to Harold R. Clayton and his wife Evelyn (called Claytons). The deed was recorded on April 20, 1964. There was a separate agreement between the parties which provided that Claytons would convey the property back to Homes upon payment of a $60,000 loan.

Appellees F. Carlyle Jones and Debrow N. Jones purchased apartment "A" from Claytons on November 18, 1964, and appellee Hazel Buckelew purchased apartment "C" from the Claytons on February 18, 1965.

The First Federal Savings and Loan Association of Rogers, Arkansas, made loans, took and recorded mortgages on the individual units, on the dates and in the amounts indicated: Apartment "A", December 3, 1964, $7,000; on March 11, 1965, apartment "B", $9,000, apartments "D" and "E", $8,000 each and apartment "F", $5,300.

On March 19, 1965, Homes purchased from Supply

Co. eight sets of weather stripping for $10.47. The stripping was installed in the condominium apartments. This amount was added to the open account which had been dormant since September 30, 1964.

Appellant filed suit on July 15, 1965 (which was within one hundred twenty days from the purchase of March 19, 1965). Supply Co. sought judgment on the account and imposition of a materialman's lien, on the apartments for the cost of materials furnished from May 19, 1964 to March 19, 1965.

The original verified complaint of Supply Co. contained the following allegation:

"That the first materials furnished for the construction of said condominium apartments was on the 19th day of May, 1964, and continued through the 19th day of March, 1965, which was the last day of furnishing materials to defendant, Silver Dollar Homes, Inc. by the plaintiff."

A further allegation was:

"That the final delivery of material in the construction of said condominium apartments was the 19th day of March, 1965, and that one hundred twenty (120) days will have expired on the 17th day of July, 1965. That the plaintiff desiring to avail itself of the benefits of Arkansas Statutes § 51-601 et seq brings this action within the one hundred twenty (120) days from the last date of delivery of materials pursuant to Arkansas Statutes 51-613."

Separate demurrers were filed by all the defendants (appellees here) except First Federal Savings and Loan Association, which pleaded by answer.

The demurrer by Homes was sustained and the demurrers of the other defendants were treated as motions to make more definite and certain. Thereafter Supply

Co., with an express reservation of rights amended its complaint and alleged *inter alia* that the account covering materials for the construction of the condominium apartments covered the period from May 19, 1964, to March 19, 1965, and that Homes had acted fraudulently as aforementioned.

Again separate demurrers were filed and sustained. Supply Co. refused to plead further and orders dismissing the complaint and amendment thereto were entered, except as to the last item purchased, the cost of which was $10.47. This appeal followed.

Appellant contends that the trial court erred in sustaining the demurrers and appellees take a contrary position. No other points are raised. Appellant relies on *Huffman Wholesale Company* v. *Terry,* 240 Ark. 368, 399 S. W. 2d 658, for a reversal and appellees contend *Streuli* v. *Wallin-Dickey & Rich Lumber Co.,* 227 Ark. 885, 302 S. W. 2d 522, fully supports the chancellor's ruling.

It is our feeling that the case was not sufficiently developed to enable an application of the criteria enunciated in either of the cases relied on by the parties.

In *Howell* v. *Ark. Power and Light Co.,* 225 Ark. 535, 283 S. W. 2d 680, we said:

"In testing a complaint on demurrer we must assume that all allegations that are well pleaded, are true. Also our rule is well established that pleadings are to be liberally construed and every reasonable intendment is to be indulged on behalf of the pleader in determining whether a cause of action is stated. *Rice* v. *King,* 214 Ark. 813, 218 S. W. 2d 91; *Story* v. *Cheatham,* 217 Ark. 193, 229 S. W. 2d 121."

When the foregoing rule is applied to the quoted extracts from the appellant's complaint and amendment thereto it will readily be discerned that appellant is en-

titled to an opportunity to present proof in an effort to establish its contentions.

There is another reason why this cause must be remanded to the trial court. Supply Co., in addition to seeking a lien on the apartment property, prayed judgment against Homes for the total cost of all materials furnished for the job. As the record now stands Supply Co. would be entitled to a judgment in the trial court against Homes for the full amount due on its account.

Reversed and remanded.