JOHN E. BRYANT & SONS
LUMBER COMPANY, INC. *v.*
Joe MOORE et al

78-124                                                  573 S.W. 2d 632

Opinion delivered December 4, 1978
(Division II)

*Murphy, Blair, Post & Stroud,* by: *Robert D. Stroud,* for appellant.

*Pickens, Boyce, McLarty & Watson,* by: *Tim F. Watson,* and *Thaxton & Hout,* by: *Steven G. Howard,* for appellees.

DARRELL HICKMAN, Justice. This is an appeal of a materialmen's lien case from the Jackson County Chancery Court.

John E. Bryant and Sons Lumber Company, Inc. of Batesville, doing business as North Arkansas Cash Lumber

Co., filed suit in Jackson County seeking to impose a lien against land and improvements thereon owned by Jabez F. Jackson and Patricia Jackson. Bryant alleged that some $3,-500.00 worth of material had been furnished to the building contractor, Joe Moore, who used the material in building the Jacksons a cabin. Moore was fired by the Jacksons before the job was completed and the Jacksons cross-complained against Moore for damages. Moore was essentially in default in the suit. First National Bank of Newport was joined as a party because it had a mortgage on the land, which had been recorded several months before any construction was commenced or material was furnished for the job.

After Bryant had put on its case, both the Jacksons and First National Bank demurred to the evidence on two grounds: a failure by Bryant to prove the amount of the lien since there was no evidence of profit to Bryant; and, there was no evidence that the material had been furnished within 120 days before suit was filed.

The chancellor took the case under advisement and in a decree denied Bryant's lien for two reasons. First, he ruled that because invoices were not attached to the complaint, and because the complaint simply prayed for a total sum of $3,-511.51, there was no itemized account filed as required by Ark. Stat. Ann. § 51-613 (Repl. 1971). Second, the chancellor held that profits of a materialman are not lienable and since there was no evidence of Bryant's profit, then the request for a lien must fail.

The chancellor granted Bryant's motion to amend its pleadings to conform to the proof and found the value of material furnished to Moore was $3,511.51, the amount prayed for in the complaint.[1] Judgment was granted to Bryant against Moore for that amount. The First National Bank was declared to have a first mortgage on the property.

Bryant alleges on appeal the chancellor was wrong in both regards for denying Bryant a lien. We agree.

---

[1] Bryant reduced its claim against the Jacksons several hundred dollars during its presentation of proof.

Bryant filed a complaint alleging that $3,511.51 worth of materials were furnished to Moore, that the material was included in the cabin of the Jacksons, and that the suit had been filed within 120 days from the time that material had last been furnished. Although the complaint stated that true, perfect and complete copies of all the invoices for materials delivered were attached, they were not. In this case such a failure was not critical.

There are two ways a materialman may seek to impose a lien. A "just and true account of the demand due or owing to him . . . verified by affidavit" may be filed with the circuit clerk within 120 days after material is furnished, with proper prior notice; or, suit may be filed within 120 days to perfect the lien. Ark. Stat. Ann. § 51-613 (Repl. 1971). If an account is filed with the clerk, suit must be commenced within fifteen months thereafter to foreclose the lien. Ark. Stat. Ann. § 51-616 (Repl. 1971).

It was the chancellor's decision that Bryant's complaint had not substantially complied with Ark. Stat. Ann. § 51-613, *supra.* We have held that there must be substantial compliance. *Conway Lbr. Co.* v. *Hardin,* 119 Ark. 43, 117 S.W. 408 (1915). If suit is filed, we have said:

> In such a situation, either the account which accompanies the complaint or allegations of that complaint, which embrace substantially all that the statutes require to appear in the verified account, are treated as a substitute for the account required by the statute. *Wiggins* v. *Searcy Federal Savings & Loan Assn.,* 253 Ark. 407, 586 S.W. 2d 900 (1972).

We have held that a complaint which has attached an itemized but unverified account is substantial compliance with the statute. *Rust* v. *Kelley Brothers' Lumber Co.,* 180 Ark. 517, 21 S.W. 2d 973 (1929). In a similar case we overruled a trial court's decision sustaining the demurrer to a complaint that simply alleged total figures. *Phelps-Powell* v. *Silver Dollar Homes,* 241 Ark. 425, 407 S.W. 2d 925 (1966).

None of the defendants at any time objected to the fact

that the invoices were not attached to the complaint. In fact, the invoices were later introduced at the trial. The only objections made to the claim for the lien were as we have recited. The court on its own decided that there had not been substantial complaince. We find the court was wrong in this regard.

The chancellor also ruled that profits of a materialman are not lienable. Bryant did not have an agreement with the owners of the land, the Jacksons, but instead, as is customary, delivered the material at the order of the contractor, Moore. During the trial, Bryant's witnesses were questioned as to what profit Bryant made on the material furnished. The evidence either could not be, or was not, provided. An objection was made to Bryant imposing a lien on the basis that profits could not be the subject of a lien. The chancellor agreed with this objection.

We have consistently, for many years, held that a *contractor* cannot have a lien for profits. *Cook* v. *Moore,* 152 Ark. 590, 239 S.W. 750 (1922); *Withrow* v. *Wright,* 215 Ark. 654, 222 S.W. 2d 809 (1949). These decisions are simply based on the language of the statute authorizing a lien. Ark. Stat. Ann. § 51-601 (Repl. 1971) provides:

> Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work . . . or furnish any material . . . shall have for his work or labor done, or materials . . . furnished a lien upon such building . . . and upon the land.

Nowhere does the statute say that a contractor, who is not necessarily a laborer, nor necessarily the provider of the material, can have a lien for profit. However, he is granted the lien for materials he does furnish, or for the labor he does perform. See *Bell* v. *Carver Air Conditioning Co.,* 245 Ark. 31, 431 S.W. 2d 452 (1968); *Cook* v. *Moore, supra.* Profits are simply not in the same category as the cost of labor or materials.

We do not view our decisions regarding profits of contractors as holding or implying that the same is true as to materialmen. The statute makes no such limitation. Conse-

quently, we feel the chancellor was in error in holding that a materialman cannot recover for the retail value of material furnished. There is no question raised in this case as to the value of the materials furnished.

Bryant argues that First National Bank should not have been granted a first lien on the property. However, Bryant was not granted a lien, and, therefore, we cannot say the chancellor was in error in this regard. It was undisputed that the mortgage of First National Bank did not contain a clause stating that the purpose of the mortgage was to provide funds to build the cabin or make improvements on the property. We have no reason to believe on a rehearing that if Bryant prevails in perfecting its lien, the chancellor will not follow our decision in *Jack Collier East Co.* v. *Barton,* 228 Ark. 300, 307 S.W. 2d 863 (1957). The law is settled that a materialmen's lien has priority as to the improvements over a previous recorded mortgage which does not contain "purpose" language. *Jack Collier East Co.* v. *Barton, supra; U.S.* v. *Westmoreland Manganese Corp.* (1955) 134 Fed. Supp. 898.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and BYRD, JJ.