TRANSPORTATION PROPERTIES, INC., et al. *v.* CENTRAL GLASS & MIRROR OF NORTHWEST ARKANSAS, INC.

CA 91-227                                   827 S.W.2d 667

Court of Appeals of Arkansas
En Banc
Opinion delivered April 15, 1992

*Howard L. Slinkard, P.A.,* by: *Howard L. Slinkard,* for appellant.

*Williams & Schrantz,* by: *R. Douglas Schrantz,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a judgment holding that appellee is entitled to a lien for materials and labor supplied to repair a motel located upon certain described real property. The repair work was performed at the request of the owners of the property; however, before this suit was filed, the property had been purchased by the appellants. The previous owners, who had contracted for the repairs, were not made parties to the present suit, and the judgment in this case is in rem against the property.

The first issue on appeal is whether the lien was timely perfected. Ark. Code Ann. § 18-44-101 (1987) provides that any person who furnishes material or labor for a building shall have a lien upon the building, or improvement, and the land upon which it is located, to secure payment for the work or labor furnished. Ark. Code Ann. § 18-44-117 (1987) provides that a person "who wishes to avail himself" of the right to this lien must file, in the office of the circuit clerk of the county where the land is located, a verified account of the material or work furnished and a description of the land upon which the building is located. This account must be filed within 120 days after the material or work is furnished. Ark. Code Ann. § 18-44-119 (1987) provides that an action to enforce the lien must be filed within 15 months after the lien is filed. However, a suit filed within the 120 days will also perfect the lien. *See National Lumber Company* v. *Advance Development Corp.*, 293 Ark. 1, 12, 732 S.W.2d 840, 846, (1987).

In the instant case it is admitted that the complaint was filed on the 122nd day after the last material or work was furnished. The parties also agree that the 120th day fell on a Saturday and that the suit was filed the next Monday. The trial court held that the suit was filed within the time in which the lien could be perfected. To sustain that holding, the appellee argues that the issue is controlled by Rule 6(a) of the Rules of Civil Procedure which states, in part, as follows:

> (a) Computation: In computing any period of time prescribed or allowed by these rules, by order of the Court *or by any applicable statute*, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, or legal holidays shall be excluded in the computation. [Emphasis added.]

The appellants do not agree. They argue that the lien statute is plainly written and means what it says. They argue that Ark. R.

Civ. P. 6(2) does not apply because of Ark. R. Civ. P. 81(a) which provides as follows:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

We agree with the appellee. Although the Arkansas Supreme Court held in *Union National Bank* v. *Nichols*, 305 Ark. 274, 807 S.W.2d 36 (1991), that Ark. R. Civ. P. 6(a) did not apply in that case, we think the situation there was different from the situation in the instant case. *Nichols* involved Act 53 of 1987 which provided a method for "the liquidation of defaulted mortgage loans" without the necessity of filing a suit for foreclosure. That procedure is codified by Ark. Code Ann. §§ 18-50-101 to -116 (Supp. 1989). It allows a sale of the mortgaged property (without filing suit) under certain conditions. Included are (1) that notice of default and intention to sell has been filed with the recorder of the county in which the property is situated, and (2) that the notice has been mailed by certified mail, within 10 days of the recording, to the mortgagee. *See* Ark. Code Ann. §§ 18-50-103(3) and -104(b) (Supp. 1991). Our supreme court held that under the provisions of Ark. R. Civ. P. 81(a) the Arkansas Rules of Civil Procedure did not apply to the method to be used in computing the time within which the notice had to be mailed. Thus the method set out in Ark. R. Civ. P. 6(a) did not apply in that case.

However, in the instant case we are concerned with the time within which a suit in a civil proceeding had to be filed in order to perfect and enforce a lien. The lien was created by a statute which required that a verified account or a suit be filed within 120 days after the last material or labor was furnished, but the statute did not provide that a certain method or procedure be used in computing the 120 days. Thus, Ark. R. Civ. P. 81(a) does not exclude the use of Ark. R. Civ. P. 6(a) in computing the statutory 120-day period within which the complaint in this civil proceeding had to be filed in order to perfect and enforce the statutory lien involved in this case.

■ Under Ark. R. Civ. P. 6(a), the day of the act or event (here, the last day that material or labor was furnished) shall not be included in computing the time period involved, but the last day of the time period shall be included *unless* it is a Saturday, Sunday, or legal holiday. Therefore, since the 120th day fell on Saturday, the complaint filed on the next Monday was within the 120-day period when computed under the provisions of rule 6(a).

The appellants also argue that the trial court erred in allowing attorney's fees to the appellee. The parties agree that the fees were allowed under the authority of Ark. Code Ann. § 16-22-308 (Supp. 1991), which provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

■ The appellants are correct in their contention that the general rule in this state is well established that attorney's fees are not allowed except when expressly provided for by statute. *Barnett* v. *Arkansas Transportation Company*, 303 Ark. 491, 798 S.W.2d 79 (1990). But the appellee argues that the above statute does expressly provide for the attorney's fee allowed in this case. Another consideration, pointed out by the appellants, is that they did not make a contract with the appellee for the work or material furnished for the motel; that the contract or purchase was made by the previous owners and this suit is a suit in rem against the property. The appellee contends, however, that the above statute provides for attorney's fees in suits "to recover on" contracts and this is a suit to recover on a contract for goods or services.

■ We think the issue turns on the fact that the only recovery that can be made in this case is under the statute that grants a lien against the property for the materials and labor furnished. That statute, Ark. Code Ann. § 18-44-101 (1987), simply does not provide that the supplier of the materials or labor shall have a lien for attorney's fees. Since the general rule in

Arkansas requires specific statutory authorization before attorney's fees are recoverable, *cf. Bryant & Sons Lumber Co. v. Moore*, 264 Ark. 666, 573 S.W.2d 632 (1978) (statute allows contractor a lien for materials and labor furnished but not for his profit), we believe the trial court erred in allowing those fees in this case.

Finally, the appellants contend that the trial court erred in allowing prejudgment interest at the rate of 10%. The appellee concedes that the rate should have been 6%. Therefore, the prejudgment interest is reduced to 6%.

Affirmed as modified, and remanded for further proceedings as needed to enforce the lien involved in this case.